**UNITED STATES of America**

v.

**Michele SINDONA and Carlo Bordoni, Defendants.**

No. S75 Cr. 948.

United States District Court,
S. D. New York.

July 25, 1979.

John J. Kenney, Executive Asst. U. S. Atty., Walter S. Mack, Jr., Asst. U. S. Atty., New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City (Marvin E. Frankel, New York City, of counsel), Mudge, Rose, Guthrie & Alexander, New York City (John J. Kirby, Jr., New York City, of counsel), for defendants.

GRIESA, District Judge.

OPINION

Defendant Sindona makes the following motion with respect to the indictment:

(1) To dismiss the indictment on the basis of the 5-year limitation in 18 U.S.C. § 3282;

(2) To dismiss Count 1—the conspiracy count—because it is duplicitous;

(3) To dismiss the indictment for violation of Fed.R.Crim.P. 6(d), unless the Government makes a showing of nonviolation.

## I.

The applicable statute of limitations, 18 U.S.C. § 3282, provides:

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

The indictment against defendant Sindona was filed March 19, 1979. If the bar of § 3282 is applicable, it would apply to allegations of offenses committed before March 19, 1974.

The indictment contains 99 counts. Count 1—the conspiracy count—alleges a conspiracy starting in January 1969 and extending, in the familiar phraseology of conspiracy counts, "up to and including the date of the filing of this Indictment." Actually the specific allegations of wrongdoing in Count 1 cover the period from July 1972 to March 31, 1974. Thus Count 1 charges a conspiracy commencing prior to March 19, 1974 and extending after that date.

Most, but not all, of the substantive counts allege offenses committed before March 19, 1974. However, Counts 36–38, 75, 80, 82, 83, 84–94, and 96–99 allege offenses committed after that date.

Although the Sindona statute of limitations motion speaks generally of the entire indictment being barred, presumably the motion does not in fact cover the substantive counts alleging offenses committed after the limitation date. As to the conspiracy count, neither side has briefed the question of how the statute of limitations applies to an allegation of conspiracy commencing before the limitation date and continuing thereafter.

The question which has been argued on the present motion is whether certain waivers of the statute of limitations, executed by defendant Sindona and his attorneys, are or are not effective as a matter of law. The Government contends that they are. Defendant Sindona contends that § 3282 is a categorical bar of all prosecutions for offenses committed more than five years before an indictment, and that this bar cannot be waived.

The fact of the waivers is undisputed. Thirteen written waivers were executed by defendant Sindona, and witnessed by the two attorneys then representing him—John J. Kirby, Jr., Esq., and Robert Kasanof, Esq.—on various dates from June 30, 1977 to February 21, 1979. An affidavit submitted by the Government states that the first four waivers were prepared by the Government and signed by defendant Sindona and his counsel; that the remaining nine waivers were prepared by defendant Sindona's counsel; that each waiver was preceded by discussion between counsel for both sides and determined to be in the mutual interest of both parties; that in March 1979 defendant Sindona sought further deferral of the filing of the indictment and expressed the desire to the Government to further waive the statute of limitations and allow additional investigation. The Government, of course, did not defer the matter further, and proceeded to obtain the indictment of March 19, 1979.

The decisions in this circuit run counter to defendant Sindona's argument that the limitation of § 3282 cannot be waived. *United States v. Parrino,* 203 F.2d 284, 286–87 (2d Cir. 1953), *cert. denied,* 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954), held, in effect, that a guilty plea was a waiver of the defense of the statute of limitations. In a later proceeding in the same case, the Court of Appeals reaffirmed that the defense of statute of limitations could be waived by a plea of guilty, where such waiver was deliberate and intentional. *United States v. Parrino,* 212 F.2d 919, 922 (2d Cir. 1953), *cert. denied,* 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954). *United States v. Doyle,* 348 F.2d 715, 718–19 (2d Cir.), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), followed *Parrino* and other authorities, and again held that a plea of guilty waived the defense of statute of limitations. The *Doyle* opinion stated (p. 719):

"Even if such claims [limitation and Sixth Amendment] are not waived by pleas of guilty *simpliciter,* a defendant advised by counsel can agree so to waive them, and the circumstances compel the conclusion that Doyle did precisely that."

It is clear that these Second Circuit authorities are not limited to the effect of guilty pleas as waivers, but stand for the broad proposition that a deliberate and intentional waiver of the statute of limitations, when a defendant is advised by counsel, is valid and effective. There is no reason why this principle should not apply to a waiver of the statute of limitations prior to indictment, as in the present case. The District of Columbia Circuit has held such a waiver valid. *United States v. Wild,* 179 U.S.App.D.C. 232, 551 F.2d 418 (D.C. Cir.), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977). In the present case, defendant Sindona deliberately and intentionally waived the statute of limitations, upon the advice of his attorneys. These waivers are effective.

## II.

Defendant Sindona contends that the conspiracy count is duplicitous—*i. e.,* that it alleges several conspiracies, instead of a single conspiracy, and thus runs counter to decisions such as *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and *United States v. Bertolotti,* 529 F.2d 149 (2d Cir. 1975).

It is familiar law that a single agreement or scheme to engage in criminal activity does not become several conspiracies because it continues over a period of time, or because it has as its purpose the commission of several offenses or the violation of several penal statutes. *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942).

The indictment in the present case alleges a single conspiracy, the objectives of which were to commit a number of criminal acts, which violated a number of federal penal statutes. Basically the indictment charges that defendant Sindona, together with defendant Bordoni and others, engaged in a conspiracy whereby defendant Sindona would obtain a large block of stock in the holding company of Franklin National Bank and would then proceed to manipulate the affairs of the bank by a variety of fraudulent methods, which included embezzlement of funds, procurement of fictitious foreign exchange transactions, and falsification of financial statements to conceal the true state of facts.

Whether the Government will be able to prove such a conspiracy at trial remains to be seen. However, there is no basis for dismissing Count 1 of the indictment, since it alleges a single conspiracy.

## III.

Fed.R.Crim.P. 6(d) provides:

"Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, . . . ." The obvious purpose of this provision is to ensure maintenance of grand jury secrecy.

At a hearing on July 2, 1979 counsel for defendant Sindona requested, by way of discovery, a list of the names of persons present at any time in the grand jury room other than Government attorneys, witnesses and stenographers (Tr. 51–53). The Government objected to this request, and I sustained the objection.

On the present motion, defendant Sindona requests a "dignified and responsible representation to the Court and the defendant as to whether any unauthorized person was in the grand jury room," and requests that this representation be by way of affidavit (Memorandum pp. 18, 19).

In its answering memorandum, the Government makes the following statement (p. 12):

"The government has no knowledge of a violation of Rule 6(d) of the Federal Rules of Criminal Procedure. Sindona does not attempt a showing of any kind.

In light of this fact, no review of the four year grand jury investigation has been conducted."

There is a presumption of the regularity of grand jury proceedings. *See Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *Carroll v. United States,* 16 F.2d 951 (2d Cir.), *cert. denied,* 273 U.S. 763, 47 S.Ct. 477, 71 L.Ed. 880 (1927); *United States v. Goldman,* 439 F.Supp. 337, 350 (S.D.N.Y.1977). In the present case, no showing whatever has been made to indicate irregularity—specifically to indicate that any unauthorized persons were present at relevant grand jury hearings. The Government attorney has made a representation that he has no knowledge of any violation of Rule 6(d), although he has not reviewed the grand jury minutes in detail.

Under the circumstances, the representation of the Government attorney is sufficient. No basis has been shown for requiring further investigation.

*Conclusion*

For the foregoing reasons, the motion of defendant Sindona is denied in all respects.

So ordered.