379 So.2d 953 (1980)
Eugene HOLLOWAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 55266.
Supreme Court of Florida.
January 31, 1980.
*954 Warren S. Schwartz, Asst. Public Defender, Miami, for petitioner.
Steven L. Bolotin, Asst. Atty. Gen., Miami, for respondent.
The Court having accepted jurisdiction and heard argument, and upon further consideration of the matter, we have determined that the Court is without jurisdiction. Therefore, certiorari is denied.
No Motion for Rehearing will be entertained by the Court. See Fla.R.App.P. 9.330(d).
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
This case is before us on conflict certiorari to review Holloway v. State, 362 So.2d 333 (Fla. 3d DCA 1978). The decision of the district court conflicts with Brown v. State, 206 So.2d 377 (Fla. 1968), and that court's attempt to distinguish Brown does not convince me. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was convicted of first-degree murder. The murder was committed on November 7, 1972. Petitioner was tried pursuant to indictment filed June 23, 1976. After the presentation of evidence to the jury, petitioner requested that the court instruct the jury on the lesser offenses of second-degree murder, third-degree murder, and manslaughter. The court declined to so instruct the jury, on the ground that instructions on lesser offenses are not required when the statutory limitations period has expired on such lesser offenses. See § 932.465, Fla. Stat. (1971). The district court affirmed, holding that since a defendant may not be convicted of any lesser offense on which the statute of limitations has run, the court is not required to instruct the jury on any such lesser offense.
Florida Rule of Criminal Procedure 3.490 provides:
If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.
We have held that it is error to violate the strict mandate of this rule. State v. Abreau, 363 So.2d 1063 (Fla. 1978); Brown v. State, 206 So.2d 377 (Fla. 1968).
The accused has a right to have the jury instructed on all less serious included offenses regardless of the expiration of the limitations period on the lesser offenses. The purpose of these instructions is to guide the jury in reaching the proper verdict and the running of the statute of limitations should have no effect.
The function of the jury, in reaching the proper verdict, is to make factual and not legal determinations. If the jury finds that the conduct of the accused fits under a certain category of crime, it so informs the court in its verdict. The judge then decides the legal question of whether upon the verdict rendered an adjudication of guilt is proper. If the verdict finds the accused guilty of an offense barred by the statute of limitations, the court should acquit the defendant.
In the case of a homicide, it denies due process for the court to instruct the jury that it may find the defendant guilty of first degree murder or not guilty at all. If the jury is convinced that the defendant committed homicide intentionally, but that the evidence does not show murder in the *955 first degree, the temptation will be great to render a verdict of guilty of first-degree murder as charged, so as not to acquit one who culpably took human life.
When the evidence shows that the most that can be established at trial is one of the lesser degrees of homicide, and the statute of limitations has run on them, the suspect will simply not be charged. But one who has committed a lesser degree of homicide but is prosecuted for first-degree murder is denied fundamental fairness and equal protection if the jury is told that it must convict of first-degree murder or not at all.
Furthermore, equal protection of the laws requires that in matters of criminal procedure the accused must be treated the same as others, charged with first-degree murder, when the lesser degrees of homicide are still viable offenses under the statute of limitations. The fact that the less serious offenses are not viable because of the expiration of the statutory period does not justify depriving the accused of an advantage afforded to others similarly charged.
I dissent from the Court's order. I would quash the district court's decision.