ORFINGER, Judge.
These are consolidated appeals in which appellant appeals his conviction after a jury trial of battery on a law enforcement officer and a separate conviction of violation of a prior probation order. We affirm both convictions. Appellant raises six points on appeal, but only one merits discussion.
The information by which appellant was charged with the crime of battery on a law enforcement officer stated, in pertinent part:
. . . WILBUR WEBB SELLEY on the 26th day of August, 1977 did, in violation of Florida Statutes 784.03 and 784.07, knowingly commit a battery upon a law enforcement officer, JOHN MOBILIO, a deputy sheriff of Orange County, Florida, and in furtherance thereof did actually and intentionally strike the said JOHN MOBILIO with his hands while the said officer was engaged in the lawful performance of his duties.
Prior to trial, appellant filed a motion to dismiss alleging that the information failed to charge a violation of any law of the State of Florida. Other grounds for the motion were directed to the constitutionality of the applicable statutes, but these *428 grounds have not been argued on appeal. The motion to dismiss was denied.
Appellant now contends that the information is defective because it does not allege an essential element of battery, i. e., that the touching or striking was against the will of the victim. To charge battery on a law enforcement officer under section 784.07(2) (1977), an information must not only allege the essential elements of that crime, but must also allege the elements of a simple battery, Ferrell v. State, 358 So.2d 843 (Fla. 3d DCA 1978), and one of those elements of the crime is that the touching or striking was against the will of the victim.[1]
But a defect in the form of the information does not necessarily require dismissal unless it appears that the information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.[2] Thus it has been often held that when an information omits an element of the crime charged and no motion to dismiss is filed specifically directed to the alleged defect, such omission is waived unless the information wholly fails to charge a crime. Sinclair v. State, Fla.1950, 46 So.2d 453; Tracey v. State, 130 So.2d 605 (Fla.1961); State v. Taylor, 283 So.2d 882 (Fla. 4th DCA 1973); Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974).
The information here does not wholly fail to charge a crime, nor does the record reveal that appellant was misled or embarrassed in preparation of his defense. Neither can it be said that he could be exposed to jeopardy again based on the charges here. The record reveals that the very issue raised by appellant was fully tried and the trial judge specifically charged the jury that to convict it must find that defendant actually and intentionally touched or struck the victim against his will, without his express or implied consent, and that the striking was not accidental or unintentional. Under these circumstances we find that appellant waived the defect in the form of the information and that there was no error in the refusal to dismiss the information.
We find appellant’s other points to be without merit and consequently the judgment of conviction as well as the judgment finding a violation of probation and revoking it are both
AFFIRMED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. § 784.03 Fla.Stat. (1977), Battery.
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.

. Rule 3.140(0) Fla.R.Cr.P. (1977).