413 So.2d 1244 (1982)
Timothy Ted COOPER, Appellant,
v.
STATE of Florida, Appellee.
Nos. AF-438, AF-445.
District Court of Appeal of Florida, First District.
April 29, 1982.
Rehearing Denied June 8, 1982.
Louis O. Frost, Jr., Public Defender, and Alan Chipperfield, Asst. Public Defender, Fourth Judicial Circuit, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
Appellant Cooper appeals two convictions for attempted first degree murder for which two consecutive forty-year sentences were imposed. Cooper raises multiple points on appeal. We reverse on the *1245 ground that cross-examination of Cooper on his silence at a previous trial violated his fundamental right not to be a witness against himself in violation of article I, section 9 of the Florida Constitution. Although this finding moots the remaining points raised by Cooper, we address certain of these points so as to prevent recurrence at any retrial.
Cooper was previously convicted on two charges of attempted murder. At this previous trial Cooper exercised his fundamental right not to testify. This Court reversed the convictions on the authority of Tascano v. State, 393 So.2d 540 (Fla. 1980). At retrial, Cooper chose to take the stand, contending that he had not premeditated the attempted murders and was guilty of lesser included offenses. Over objection, the State cross-examined Cooper on his silence at his previous trial. The trial court denied the objection to the cross-examination, a motion for mistrial, and a motion for a curative instruction.
The State urges that its cross-examination was permissible because Cooper's previous silence was inconsistent with his testifying at retrial. We see no inconsistency and are not persuaded by the State's argument that Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926) and Jenkins v. Anderson, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) permit such cross-examination. Even if we were persuaded that federal case law permits such examination, we would be constrained to reverse since it is well settled that such examination is not permitted under Florida law and is reversible error. See Simmons v. State, 139 Fla. 645, 190 So. 756 (1939), Willinsky v. State, 360 So.2d 760 (Fla. 1978), and Clark v. State, 363 So.2d 331 (Fla. 1978).
Appellant further urges that the State's action in cross-examining Cooper on his prior silence was so egregiously contrary to well-settled law as to constitute prosecutorial overreaching and to justify dismissing the information and discharging the defendant, Cooper. Although we agree that the questioning was constitutionally impermissible, a reversal is sufficient to remove the error and we see no prejudice to Cooper in receiving a new trial.
Appellant also argues that the trial court committed various other errors which prevented Cooper from receiving a fair trial. In instructing the jury on lesser included offenses, the trial court commented:
Ladies and Gentlemen, you may wonder why all these lesser included charges are given, and I will only tell you that wiser heads than mine have decreed as a matter of law they must be given.
In this connection, we note also the prosecutor's improper comments in his closing argument that the lesser included offenses were "an old defense trick" when there was no chance of acquittal and the defense wants to get less than what the man really is guilty of. The trial court properly sustained an objection to these remarks. However, the import of both the trial court and prosecutor's comments is essentially the same: the lesser included offenses are irrelevant. Because we reverse on other grounds, we have not attempted to determine whether these comments would warrant reversal. We limit ourselves to pointing out that both are improper and serve no useful or legitimate purpose.
Appellant further urges that other errors were committed by the prosecutor in his closing argument by reference to an unrelated prior conviction and to the inability of the police to determine Cooper's motives because of the refusal of Cooper's lawyer to permit further questioning of Cooper. The trial court denied an objection to the former and granted an objection to the latter. We consider both comments improper.
REVERSED and REMANDED for proceedings consistent with this opinion.
McCORD, ERVIN and SHAW, JJ., concur.