417 So.2d 1006 (1982)
Melvee TUCKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2075.
District Court of Appeal of Florida, Third District.
June 22, 1982.
Rehearing Denied August 25, 1982.
*1008 Bennett H. Brummer, Public Defender, and Michael Zelman, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
*1009 FERGUSON, Judge.
On December 14, 1977, appellant Melvee Tucker was indicted by grand jury for the first-degree murder of a convenience store employee killed more than three years earlier on June 11, 1974 during a robbery attempt. After a jury trial, Tucker was adjudicated guilty of first-degree murder and sentenced to life imprisonment. He appeals, raising six points as error: (1) failure to dismiss the indictment because it contained no allegation of venue, (2) failure to dismiss the indictment because delay in prosecution violated appellant's rights to due process, (3) failure to dismiss the indictment because of underrepresentation on the grand jury of Blacks, Latins, and females, (4) failure to suppress his confession as the product of an illegal arrest or as not voluntarily given, (5) failure to grant a mistrial for prejudicial presecutorial comment, and (6) refusal to instruct on a lesser-included offense to which the statute of limitations had run. We affirm.

I
As to the first point on appeal we hold that Tucker may not now challenge his conviction and sentence on the grounds that indictment fails to allege venue because he failed to raise the issue by pre-trial motion. See, e.g., Fuller v. State, 159 Fla. 200, 31 So.2d 259 (Fla. 1947); Fla.R.Crim.P. 3.190(c). The defect of failure to allege venue is one of substance rendering the indictment fundamentally defective, State v. Black, 385 So.2d 1372 (Fla. 1980), however, a substantive defect in an indictment or information may be waived unless challenged timely by motion to dismiss. Fla.R.Crim.P. 3.190(b) and (c). In State v. Black, supra, and Rimes v. State, 101 Fla. 1322, 133 So. 550 (1931), upon which Black relies, the defective indictment was attacked by pretrial motion. We interpret the statement of the supreme court that "Allegations as to the place of the alleged offense also fixes the jurisdiction of the grand jury and court," State v. Black, supra, at 1375, as referring to "venue," consistent with Rimes v. State, supra. See also Annot. 59 A.L.R.2d 906, § 4 (1956) cited by the court in State v. Black, supra, (requirement for statement of place where offense committed is to establish venue and avoid prejudice to defendant in preparation of case). Venue is not the same as jurisdiction though the terms are sometimes used interchangeably. Jurisdiction means the inherent power to decide a case. Venue designates the geographical subdivision in which a court of competent jurisdiction may determine the case. 15 Fla.Jur.2d, Criminal Law § 566. Venue, unlike subject matter jurisdiction, may be waived.
The court in State v. Black, supra, also stated, at p. 1375, "Venue is an essential element in any criminal charge," citing Art. I, § 16, Fla. Const. Florida law is clear that in cases involving informations, failure to allege an essential element of an offense does not alone render the charge void as wholly failing to state a crime, the exception under Florida Rules of Criminal Procedure 3.190(c)(4) does not apply, and failure to timely object to this defect, constitutes waiver. Tracey v. State, 130 So.2d 605 (Fla. 1961); Sinclair v. State, 46 So.2d 453 (Fla. 1950); Kane v. State, 392 So.2d 1012, (Fla. 5th DCA 1981); Selley v. State, 403 So.2d 427 (Fla. 5th DCA 1980); Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980). See also Ray v. State, 403 So.2d 956, 961, n. 8 (Fla. 1981). On the question of waiver of defect in the charging document we see no rational basis for distinguishing between an information and an indictment. But see Murphy v. State, 407 So.2d 296 (Fla. 1st DCA 1981). The indictment otherwise states a crime against Tucker, evidence of venue was produced at trial, and Tucker was not prejudiced in preparation or presentation of his defense, therefore he waived any objection to defect in the indictment by failing to file a pre-trial motion to dismiss.
We briefly dispose of the next four points on appeal, finding them to be without merit. Tucker has also failed to demonstrate that delay in indictment either prejudiced his defense or that the state delayed for the purpose of prejudicing or *1010 harassing the defendant. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). We find no error on due process or equal protection grounds in denying Tucker's motion to dismiss the indictment because of underrepresentation of Blacks, Latins, and women on the grand jury or among presiding forepersons of grand juries. Bryant v. State, 386 So.2d 237 (Fla. 1980). The issue of whether Tucker's confessions should have been suppressed as fruit of an illegal arrest involves a fundamental right under the Fourth Amendment to the United States Constitution, see Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), which may be raised for the first time on appeal. Here, the issue was also raised and considered in the pre-trial motion to suppress. We find no error in denying the motion to suppress the confession either on the grounds that the arrest warrant was valid and the confession was not the fruit of an illegal arrest or on the grounds that the confession was given knowingly and voluntarily. See, e.g., Ponder v. State, 323 So.2d 296 (Fla. 3d DCA 1975). We have reviewed the entire record and find the evidence against Tucker overwhelming. It is impossible to differ with the trial court's implicit determination that either Tucker was not prejudiced by the prosecutor's argument appealing to sympathy for the victim, see, e.g., Menendez v. State, 368 So.2d 1278 (Fla. 1979), or that the argument was a permissible response to arguments of defense counsel; Francis v. State, 343 So.2d 932, 933 (Fla. 3d DCA 1977).

II
As to Tucker's remaining point on appeal that the trial court erred in refusing his request for a jury instruction on the lesser-included offenses of first-degree murder because the statute of limitations had run as to those lesser-included offenses, we find no reversible error. In Holloway v. State, 362 So.2d 333 (Fla. 3d DCA 1978), cert. denied, 379 So.2d 953 (Fla. 1980), cert. denied, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980), this court held that it was not error to refuse to charge lesser degrees of homicide when such offenses were barred by the statute of limitations. Tucker acknowledges this holding, but suggests the following three reasons why Holloway, supra, should not be determinative of this case: (a) subsequent authority of the Supreme Court of the United States in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) makes it appropriate to reexamine the rule in Holloway, supra, on due process considerations, (b) the equal protection clause requires instructions on lesser degrees be given to all defendants charged with first-degree murder, and (c) the court in Holloway, supra, did not resolve the question of whether an accused can waive the benefit of the statute of limitations.
In Beck v. Alabama, supra, the United States Supreme Court held that the death penalty may not be imposed if the jury is not permitted to consider a verdict of guilt of a lesser-included non-capital offense when the evidence would have supported such a verdict. The Court's rationale is based on the belief that due process requires an opportunity for a jury pardon[1] in death cases. Nothing in this due-process jury-pardon rationale commands a reexamination of our holding in Holloway v. State, *1011 supra. The Court's holding in Beck v. Alabama is specifically limited to death cases. The Court reasoned that because there is a significant constitutional difference between the death penalty and lesser punishments, the constitutional guarantee of due process requires special safeguards in capital cases. The court expressly declined to decide whether the due process clause would require the giving of such an instruction in a non-capital case. Id. 447 U.S. 638, n. 14, 100 S.Ct. 2390, n. 14, 65 L.Ed.2d 403, n. 14. Not only did the United States Supreme Court limit its holding to death cases in Beck v. Alabama, supra,[2] it was not concerned with and did not address the separate issue of whether the instruction on a lesser-included offense is still required when the statute of limitations has run as to the lesser-included offense.
Florida courts have addressed both issues. Florida law requires that an instruction be given on the lesser-included offense in a murder case even in non-capital cases.[3]Brown v. State, 206 So.2d 377 (Fla. 1968); Fla.R.Crim.P. 3.510. This instruction is not required, however, when the statute of limitations has run on the lesser-included offense. Keenan v. State, 379 So.2d 147 (Fla. 4th DCA 1980); Holloway v. State, supra. By dismissing the petition for conflict certiorari, Holloway v. State, 379 So.2d 953 (Fla. 1980), the Florida Supreme Court implicitly rejected the argument that the Brown requirement for an instruction on lesser-included offenses in murder cases should apply where the statute of limitations has run on the lesser-included offenses. The dismissal of the petition for conflict certiorari was also clearly a rejection of the equal protection argument. See id., Justice Boyd, dissenting.
Tucker makes a good argument that a defendant should be permitted to waive the statute of limitations for purposes of an instruction on a lesser-included offense. We agree that this issue was not fully resolved by the court in Holloway v. State, supra, which merely considered the question of whether the trial court is required to instruct the jury on a lesser-included offense for which the statute of limitations has run. The court did not consider whether by requesting an instruction on the lesser-included offenses, a defendant could waive the statute of limitations thereby causing the lesser-included offense to become a viable charge permitting conviction and sentencing and entitling the defendant to an instruction in that offense. See, e.g., Holloway v. Florida, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980), Justice Blackmun dissenting to denial of petition for writ of certiorari.
Though the issue of whether a defendant may waive the statute of limitations for purposes of conviction appears never to have been directly addressed in Florida,[4] we find compelling the logic of those jurisdictions which have permitted such waiver. In People v. Lohnes, 76 Misc.2d 507, 351 N.Y.S.2d 279 (S.Ct. 1973), the court noting that *1012 the right of a defendant to waive his statute of limitations defense to a charge of a lesser-included offense was established in 1902 in New York in People v. Austin, 63 App.Div. 382, 71 N.Y.S. 601, affirmed, 170 N.Y. 585, 63 N.E. 1120 (N.Y. 1902), reasoned:
Criminal defendants in general ... would suffer marked injustice from being denied this option. It would have the practical effect, in case after case, of forcing convictions in a higher degree where guilt is plain, but where, if given the choice ... a jury might convict for the lesser-included degree of a given crime. The right and option must be preserved to all defendants to waive the statute of limitations so as to avail themselves of the protection of this statute.
In United States v. Wild, 551 F.2d 418, 424 (D.C. Cir.1977), cert. denied, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977), the court determined that the statute of limitations did not constitute a jurisdictional bar to waiver and reasoned that "if a defendant may waive certain constitutional rights, he should certainly be capable ... of waiving a statutory right such as the statute of limitations." Accord United States v. Doyle, 348 F.2d 715, 719, n. 3 (2d Cir.1965), cert. denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965) (waiver of guilty plea); United States v. Parrino, 212 F.2d 919 (2d Cir.1954), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954); People v. Williams, 79 Ill. App.3d 806, 35 Ill.Dec. 63, 398 N.E.2d 1013 (Ill. App. 1979) (waiver by failure to raise defense prior to trial); Padie v. State, 594 P.2d 50 (Alaska 1979) (waiver for plea of nolo contendere).
Generally courts which have found the statute a "jurisdictional" bar to waiver have done so in terms of waiver by the state, not the defendant, and have done so only in the sense that a criminal statute of limitations goes not to the remedy of an action but creates a substantive right which prevents prosecution and conviction of an individual after the statute has run. In this sense "jurisdictional" refers to the legality of the actions of the state in prosecuting an individual for an offense determined legislatively to be stale. A court may not convict a defendant of a crime for which the state has no statutory right to prosecute. Because a prosecutor may not avoid the statute of limitations by charging a higher offense in the expectation of conviction on a lesser-included offense and thereby deprive a defendant of a substantive right, the courts have permitted a defendant who has failed to raise the defense of the statute of limitations by pre-trial motion to raise it at trial, by post-trial motion, or for the first time on appeal. See Lane v. State, 337 So.2d 976 (Fla. 1976) (statute of limitations substantive right); State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974) (protection from prosecution under statute of limitations is a substantive right); State v. King, 282 So.2d 162 (Fla. 1973) (time within which offense is committed is jurisdictional fact controlling ability of state to prosecute particular defendant); Mead v. State, 101 So.2d 373 (Fla. 1958) (appellant not required to raise question of statute of limitations which must be construed liberally in favor of defendants; burden on the state to prove appellant perpetrated crime within two years of filing of information); Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (1946) (time within which offense was committed is jurisdictional fact which must be proved by state; state may not deprive defendant of benefit of statute of limitations); Nelson v. State, 17 Fla. 195 (1879) (conviction for murder in third degree cannot stand when not prosecuted within period fixed by statute). For cases in other jurisdictions see Chaifetz v. United States, 109 U.S.App.D.C. 349, 288 F.2d 133 (1960), cert. denied, 366 U.S. 209, 81 S.Ct. 1051, 6 L.Ed.2d 233 (1961) (rule adopted as response to efforts of zealous prosecutors to avoid statute of limitations against lesser offenses); State v. Fogel, 16 Ariz. App. 246, 492 P.2d 742 (Ariz. App. 1972) (statute of limitations limits state's power to act against accused); People v. Zamora, 18 Cal.3d 538, 134 Cal. Rptr. 784, 557 P.2d 75 (1976) (substantive right not waived by failure to assert at pleading stage; government cannot overcome bar of statute of limitations by demonstrating lack of prejudice to defendant); Duncan v. *1013 State, 282 Md. 385, 384 A.2d 456 (App. 1978) (statute forbids commencement of prosecution for crime not within statutory period); State v. Civella, 364 S.W.2d 624 (Mo. App. 1963) (statute of limitations may be raised for first time on appeal because goes to legality of prosecution); State v. Stillwell, 175 N.J. Super. 244, 418 A.2d 267 (N.J.App. 1980) (statute of limitations absolute bar; creates substantive right not waived by failure to raise at pleadings); City of Cleveland v. Hirsch, 26 Ohio.App.2d 6, 268 N.E.2d 600 (Ohio.App. 1971) (same); Washington v. Glover, 25 Wash. App. 58, 604 P.2d 1015 (Ct.App. 1979) (indictment based on offense barred by statute of limitations must be dismissed); John v. State, 89 Wis.2d 214, 278 N.W.2d 235 (Wis.App. 1979) (Wisconsin courts lack personal jurisdiction to try defendant subsequent to running of statute of limitation).
Whether a defendant may waive the statute of limitations for purposes of jury instruction and possible conviction of a lesser-included offense is an issue separate from that of the legality of prosecution of an offense barred by the statute. See, e.g., Holloway v. Florida, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137, supra. A defendant who believes that a criminal statute of limitations no longer works to his advantage, should be permitted to waive that statute either before trial or before the jury retires. See, e.g., Fla.R.Crim.P. 3.190(b) and (c).
The right not to be convicted of an offense for which prosecution is barred by limiting statute is substantive and fundamental. Waiver of that right must meet the same strict standards which courts have applied in determining whether there has been an effective waiver as to other fundamental rights.[5] Waiver of any fundamental right must be express and certain, not implied or equivocal. With respect to waiver of the statute of limitations there should be a waiver in writing made part of the record or at least an express oral waiver of the statute preventing prosecution and conviction made in open court on the record by the defendant personally or by his counsel in his presence. See, e.g., United States v. Wild, supra, (written waiver after full consultation with attorney effective); United States v. Sindona, 473 F. Supp. 764 (S.D.N.Y. 1979) (same).
We believe that a mere request for an instruction on the lesser-included offense is not an express waiver of the right not to be prosecuted and convicted for an offense for which the statute of limitations has run. Absent an effective waiver, this case comes on for review in the same posture as the case of Holloway, supra, and we are bound by its rule. We find no error in refusing to instruct on the lesser-included offenses of first-degree murder.
Affirmed.
We certify to the Supreme Court of Florida as of great public interest the question set out in footnote 16 to Judge Jorgenson's dissenting opinion.
DANIEL S. PEARSON, Judge, specially concurring.
I concur in the affirmance of Tucker's conviction.
First, I agree that Tucker did nothing below to preserve for our review any error in the failure of the indictment to specify the place where the crime allegedly occurred. Since Tucker was not hindered in the preparation or presentation of his defense by this omission in the charging document, and at trial the crime was proved to have taken place in Dade County, Florida, there was no denial of due process, and, therefore, the error cannot be said to be *1014 fundamental so as to be cognizable on appeal, even though not properly presented below. See Ray v. State, 403 So.2d 956 (Fla. 1981). Second, while I wholeheartedly share Judge Ferguson's view that the bar of the statute of limitations can be waived, I agree, albeit reservedly, that Tucker's mere request to have the jury instructed on the limitations-barred lesser offenses was not a sufficient waiver under binding Florida caselaw so as to entitle him to have the instructions given.
My reservation is this. Were I free to do so, I would cast my lot with the authorities which hold that the statute of limitations is waived by the simple failure of a defendant to claim its benefits. See, e.g., United States v. Doyle, 348 F.2d 715 (2d Cir.) (waiver by plea of guilty), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965); United States v. Parrino, 212 F.2d 919 (2d Cir.1953) (waiver by plea of guilty), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954); People v. Williams, 79 Ill. App.3d 806, 35 Ill.Dec. 63, 398 N.E.2d 1013 (App.Ct. 1979) (waiver by failure to raise in trial court); People v. Lohnes, 76 Misc.2d 507, 351 N.Y.S.2d 279 (Sup.Ct. 1973) (waiver by failure to object to instruction on limitations-barred offense). See also 1 C. Wright, Federal Practice and Procedure: Criminal § 193, at 409-10 (2d ed. 1969) (the more sensible rule is that the statute of limitations is waived if not raised at or before trial); 8 J. Moore, Moore's Federal Practice  Criminal Rules ¶ 12.03[1], at 12-17, -18 (2d ed. 1975) (same). Under these authorities Tucker's request for instructions on limitations-barred offenses would, a fortiori, waive the statute of limitations.
I am obliged, however, to follow the quite different views that the statute of limitations is not waived by the defendant's non-assertion of it, State v. King, 282 So.2d 162 (Fla. 1973); Mead v. State, 101 So.2d 373 (Fla. 1958); Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (1946); Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943); Nelson v. State, 17 Fla. 195 (1879),[6] and that even the affirmative act of requesting jury instructions on limitations-barred offenses does not constitute a waiver of the statute. Perry v. State, 103 Fla. 580, 137 So. 798 (1931); Blackmon v. State, 88 Fla. 188, 101 So. 319 (1924); Keenan v. State, 379 So.2d 147 (Fla. 4th DCA 1980); Holloway v. State, 362 So.2d 333 (Fla. 3d DCA 1978), cert. denied, 379 So.2d 953 (Fla.), cert. denied, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980). Thus, because Tucker merely requested instructions on the limitations-barred offenses, I must agree that the trial court did not err in failing to give the instructions, and we are foreclosed from affording Tucker relief.
However, this does not mean either that a defendant cannot appropriately waive the statute of limitations and thereby consent to a conviction of a limitations-barred offense, or that a court is powerless to convict a defendant of a limitations-barred offense. I think it can be clearly demonstrated that the statute of limitations is waivable and conviction thereafter of an otherwise limitations-barred offense is permissible.[7]

I.
It is sometimes said that "the time within which an offense is committed is a jurisdictional *1015 fact," see, e.g., State v. King, supra; Mitchell v. State, supra. The statement is benign enough as long as "jurisdictional fact" means that it is the State's burden to prove that the crime was committed within the period of limitations and, concomitantly, that it is unnecessary for a defendant relying upon the statute of limitations to plead it in bar. These meanings are, of course, totally consistent with the essential purpose of a statute of limitations in criminal prosecutions, which is "to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time," State v. King, supra at 166, or, otherwise stated, "to provide predictability by specifying a time limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 469, 30 L.Ed.2d 468, 479-80 (1971). See Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).[8] But if "jurisdictional fact" is said to mean that a court is powerless to convict a defendant of a limitations-barred offense and the term is thus woodenly applied to preclude a limitations-barred conviction which the defendant is willing to accept, then the statute of limitations, designed to shield only the defendant, is turned on him as a sword. Therefore, even though a defendant's failure to raise the statute of limitations does not deprive him of its benefits, see State v. King, supra; Mitchell v. State, supra; Horton v. Mayo, supra; Nelson v. State, supra, and his mere request for instructions on limitations-barred offenses is deemed an inadequate waiver of the statute of limitations, Perry v. State, supra; Blackmon v. State, supra; Keenan v. State, supra; Holloway v. State, supra, it does not logically follow that a defendant's express and knowing waiver of the statute's benefits is invalid.
The issue of waivability is simply not dependent on whether the statute of limitations is treated as jurisdictional for other purposes. As one court has stated:
"This mechanical extension of the jurisdictional approach to the waiver issue graphically illustrates its inflexibility in resolving statute of limitations problems. The defendant, in a criminal case, may have compelling reasons in his own best interest for deciding to waive the statute of limitations. In our view, employment of a jurisdictional approach deprives the trial court of essential discretionary authority to determine whether or not the defendant should be able to waive the statute of limitations in the unique circumstances of the particular case.
"In our view, the arbitrary jurisdictional-affirmative defense distinction should be abandoned in favor of a case-by-case analysis focusing on the language of the applicable statute of limitations and the public policies behind its enactment.[9] One commentator has suggested a salutary alternative which we think warrants adoption. Under this mode of analysis a statute of limitations can be waived if the trial court determines that the following prerequisites have been met:
"(1) the waiver is knowing, intelligent, and voluntary; (2) it is made for the defendant's benefit and after consultation with counsel; and (3) the defendant's waiver does not handicap his defense or contravene any other public *1016 policy reasons motivating the enactment of the statutes."

Padie v. State, 594 P.2d 50, 56-57 (Alaska 1979) (footnotes omitted).
Illustrative of the independence of the issue of waivability is United States v. Wild, 551 F.2d 418 (D.C. Cir.), cert. denied, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977). In Wild, the defendant was told by the Watergate Special Prosecution Force that he was a target of a grand jury investigation into illegal campaign contributions. The prosecutors later notified him that they would seek an indictment to be returned on the eve of the expiration of the statute of limitations. So advised, Wild's attorney arranged to secure the services of an experienced criminal attorney. The newly-retained attorney requested that the prosecutors give him more time to prepare and explore a possible disposition other than indictment, and proposed that Wild waive the statute of limitations. The prosecutors agreed; Wild executed written waivers; and, after the statute of limitations ran, Wild was indicted. Claiming the benefits of the statute of limitations, Wild successfully moved to dismiss the indictment. The court of appeals reversed, holding that the defendant's express written waiver of the statute of limitations with the advice of counsel was a valid basis for conviction:
"[I]f a defendant may waive certain constitutional rights, he certainly should be capable ... of waiving a statutory right such as the statute of limitations. Constitutional rights which the defendant may waive include, inter alia, the right to be represented by counsel, the right not to be twice put in jeopardy and the right to be tried in the district where the offense was committed. If the strong policies behind these rights are not violated by a rule permitting them to be waived by the defendant, we cannot find that the limitation statute's policy is violated here where the defendant was fully cognizant of the consequences of such a waiver and decided to execute it on the advice of his attorney for his own benefit." 551 F.2d at 424-25 (footnotes omitted).
The court in Wild arrived at this conclusion despite an earlier holding by the same court in Chaifetz v. United States, 288 F.2d 133 (D.C. Cir.1960), that it was not error to refuse a defendant's request for instructions on limitations-barred lesser offenses. This holding in Chaifetz, even as the holdings in Perry, Blackmon, Keenan and Holloway, treats the statute of limitations as jurisdictional. Since in Wild the court approved the defendant's express waiver of the statute of limitations without receding from or overruling Chaifetz, I think it inescapable that one meaning of Wild is that the issue of waivability is separate and distinct from the issue of whether the statute of limitations is said, as in Chaifetz, to be jurisdictional in a context other than waiver.

II.
Quite apart from the foregoing argument that the issue of waivability of the statute of limitations must analytically be separated from the "jurisdictional" label given the statute of limitations, is the more compelling argument that any conclusion that the statute of limitations is never waivable must ultimately, in given cases, deny a defendant's right to due process of law. In my view, a constitutional right to waive the statute of limitations arises in at least three instances  where the defendant's theory of defense is that he is guilty only of a limitations-barred lesser offense; where the defendant is charged with a capital crime; and where the lesser offenses have become limitations-barred through unjustified state action. If, in these instances, or any instance, the so-called jurisdictional bar gives way, and conviction is rendered on a limitations-barred offense, it must give way in all instances, for then it can no longer be said that subject matter jurisdiction is lacking.[10]

*1017 A.

Theory of Defense
The law in Florida is:
"Where there is any evidence introduced at trial which supports the theory of the defense, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense when he so requests." Bryant v. State, 412 So.2d 347 (Fla. 1982).
Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945); Williams v. State, 356 So.2d 46 (Fla. 2d DCA 1978); Laythe v. State, 330 So.2d 113 (Fla. 3d DCA), cert. denied, 339 So.2d 1172 (Fla. 1976). The federal rule is the same. See, e.g, United States v. Bennett, 665 F.2d 16 (2d Cir.1981); United States v. Conroy, 589 F.2d 1258 (5th Cir.1979); United States v. Wolfson, 573 F.2d 216 (5th Cir.1978); United States v. Flom, 558 F.2d 1179 (5th Cir.1977); United States v. Cullen, 454 F.2d 386 (7th Cir.1971). The failure to instruct on the defendant's theory of defense is tantamount to directing the jury to return a guilty verdict, United States v. Flom, supra, and effectively denies a defendant a "trial by the due course of law." Motley v. State, supra. Such a failure can never be said to be harmless. Motley v. State, supra.
Where, then, the theory of the defense to a charge of first-degree murder is that the defendant, although responsible for the death, lacked the requisite premeditation and was guilty at most of second-degree murder or manslaughter, see State v. Davis, 411 So.2d 1354, 1355-56 n. 1 (Fla. 3d DCA 1982); Cooper v. State, 413 So.2d 1244 (Fla. 1st DCA 1982) (defense to attempted first-degree murder charges, no premeditation); Case Comment, Waiver of the Statute of Limitations in Criminal Prosecutions: United States v. Wild, 90 Harv.L.Rev. 1550, 1555 n. 46 (1977), it would be a denial of due process to refuse to allow the defendant to waive the statute of limitations on those lesser offenses.[11]

B.

The Capital Case
In Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the United States Supreme Court held that the death penalty may not be imposed after a jury verdict of guilt of a capital offense when the jury was not permitted to consider a verdict of guilt of a lesser-included non-capital offense and the evidence would have supported such a verdict.
Beck was tried for the capital offense of "robbery or attempts thereof when the victim is intentionally killed by the defendant." Felony murder is not a capital crime in Alabama, but is a lesser-included offense of Alabama's "robbery-intentional killing" offense. But under Alabama's capital offense statute, as interpreted by case law, the trial court was not permitted to give the jury the option of conviction of a lesser offense. In Alabama the jury was required to choose between conviction of a capital offense or acquittal.
At trial, Beck's defense was that although he participated in the robbery with a co-defendant, Beck never intended the victim to be killed. The State conceded that the evidence supported Beck's entitlement to the lesser offense felony murder instruction, but Alabama law prevented it from being given in a capital offense prosecution. Beck was convicted and sentenced to death.
In the United States Supreme Court, Beck argued that Alabama's prohibition against giving lesser-included offense instructions in capital cases violated the Eighth Amendment and the due process *1018 clause of the Fourteenth Amendment by substantially increasing the risk of error in the fact-finding process. The United States Supreme Court agreed with both contentions. The Court stated:
"In the final analysis the difficulty with the Alabama statute is that it interjects irrelevant considerations into the fact-finding process, diverting the jury's attention from the central issue of whether the State has satisfied its burden of proving beyond a reasonable doubt that the defendant is guilty of a capital crime. Thus, on the one hand, the unavailability of the third option of convicting on a lesser offense [for which there exists evidence] may encourage the jury to convict [the defendant of a crime the jury does not believe the defendant committed] for an impermissible reason  its belief that the defendant is guilty of some serious crime and should be punished. On the other hand, the apparently mandatory nature of the death penalty may encourage it to acquit for an equally impermissible reason  that whatever his crime, the defendant does not deserve death." 447 U.S. at 642, 100 S.Ct. at 2392, 65 L.Ed.2d at 406.
Finally, the Court said:
"In any particular case these two extraneous factors may favor the defendant or the prosecution or they may cancel each other out. But in every case they introduce a level of uncertainty and unreliability into the fact-finding process that cannot be tolerated in a capital case." 447 U.S. at 643, 100 S.Ct. at 2392, 65 L.Ed.2d at 406 (emphasis supplied).
While the Supreme Court recognized that unreliability is introduced into every case where the jury's decision must be all or nothing, the holding appears limited to capital cases. But a capital case, as explicated in Beck, is one in which the death penalty may, not necessarily does, ensue. In Beck, the Court said:
"While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard. That safeguard would seem to be especially important in a case such as this. For when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense  but leaves some doubt with respect to an element that would justify conviction of a capital offense  the failure to give the jury the `third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction.
"Such a risk cannot be tolerated in a case where the defendant's life is at stake." 447 U.S. at 637, 100 S.Ct. at 2389, 65 L.Ed.2d at 402-03.
Thus, the harm found in Beck is the harm of a distorted fact-finding process at a time when the defendant's life is at stake. Surely, had Tucker received the death penalty, Beck would require reversal on due process grounds. Yet the possibility of the death penalty was removed in the present case only after the jury had completed the fact-finding process. I suggest that had Tucker expressly waived the protection of the statute of limitations on the lesser offenses, the failure to instruct the jury thereon, even in the absence of the imposition of the death penalty, would be reversible error under Beck.[12]

*1019 C.

Prosecutorial Delay
In Mitchell v. State, supra, the uncontroverted evidence was that the killing took place more than two years before Mitchell was indicted for first-degree murder. Mitchell was convicted of second-degree murder. The statute of limitations for second-degree murder was two years with the proviso that:
"In the trial on an indictment charging a capital offense a verdict may be returned for any offense less than capital which may be included within such indictment, although the indictment may have been found more than two years after commission of the offense embraced in such verdict." Id., 25 So.2d at 74.
Construing the statute liberally in favor of the defendant, the Supreme Court of Florida held that the two-year limitations period was not extended by the foregoing provision and Mitchell's conviction was barred. It reasoned:
"It is within the power of the legislature to fix the time in which prosecution for any offense may be commenced. It is not competent, however, for the legislature to fix the time within which a prosecution may be commenced if the prosecution is commenced by indictment and a different time if the prosecution be commenced by information. To hold otherwise would be tantamount to allowing the prosecuting officer to determine whether or not the statute of limitations should or should not be applicable.

... .
"A jury has said this man is not guilty of murder in the first degree and, therefore, he is entitled to every benefit to which any one else can be entitled who is also only guilty of murder in the second degree. This right of equal protection may not be taken away by the State choosing to proceed with the prosecution by some method which will deprive him of the benefit of the statute of limitations while others guilty of the like offense may have the benefit of the statute of limitations because the State has chosen to proceed with the prosecution by a different method." Id. at 75 (emphasis supplied).
The principle of Mitchell that the State may not unilaterally deprive a defendant of the benefit of the statute of limitations by choosing one method of prosecution over another applies with equal force to a claim by a defendant that the State's unjustified inaction and delay in instituting a prosecution has deprived him of instructions on lesser offenses. While it may be that a defendant who establishes unjustified prosecutorial delay would be entitled to lesser-offense instructions without the necessity of waiving the statute of limitations and that, as in Mitchell, conviction on a limitations-barred offense would be precluded, I have no difficulty concluding that such a defendant would at least be entitled to waive the impediment of the statute of limitations and have the jury instructed on the lesser offenses.

III.
I conclude, therefore, that a defendant who chooses to do so can waive the protection of the statute of limitations; that the *1020 waiver must be knowing, intelligent and voluntary; that when such a waiver is made, the defendant is entitled to have the jury instructed on the lesser offenses which without such waiver would be limitations-barred; and that, thereafter, in the event the defendant is found guilty of an offense as to which the statute of limitations has been waived, the court may enter a judgment of conviction thereon.[13] Since, however, under the present state of the law in Florida, Tucker's request for instructions on the limitations-barred offenses did not constitute a waiver of the statute of limitations, I must vote to affirm.
JORGENSON, dissenting.
I see no difference between the indictment in this case[14] and that which was before the Supreme Court in State v. Black, 385 So.2d 1372 (Fla. 1980).[15] An indictment which fails to allege venue is defective and void. Black; Fla.R.Crim.P. 3.140(d)(3). Our Supreme Court has held that "[p]roper jurisdictional allegations are as essential in an accusatory writ as are those relating to the material elements of the crime." Black, supra, at 1375 (citing Connor v. State, 29 Fla. 455, 10 So. 891 (1892); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972)).
Venue is an essential element in any criminal charge. Florida Constitution, art. I, § 16. A fair reading of Black compels the conclusion that the absence of a venue allegation in an indictment deprives a trial court of subject matter jurisdiction, notwithstanding the fact that venue was proved at trial. Black, supra.
Justice England, concurring specially in Black, makes a cogent argument for a more relaxed standard governing allegations of venue in an indictment. In so doing, he suggests alternative theories which would accomplish that result. Black, at 1375, 1376. Our Supreme Court has seen fit not to do so.[16] Accordingly, I would reverse and remand for reindictment and retrial.
My dissent here should not be read as a rejection of the views expressed in the majority opinion on the issue of waiver of lesser included offenses or views expressed in my brother Pearson's special concurrence since I, likewise, agree that a defendant who chooses to do so can waive protection of the statute of limitations. I dissent only because I feel that Black, supra, is controlling.
NOTES
[1] A "jury-pardon" permits a jury to convict a defendant of a lesser offense than the offense charged if there is sufficient evidence either as to the higher offense or the lesser offense. See Beck v. Alabama, supra, 447 U.S. 636 n. 12, 100 S.Ct. 2388, n. 12, 65 L.Ed.2d 402, n. 12. In revising the Florida Standard Jury Instructions in Criminal Cases, October 1, 1981, the Florida Supreme Court has limited use of the "jury pardon" concept in Florida by requiring an instruction on a lesser-included offense only where the proof of the lesser-included offense inheres in the higher offense as is the case in a necessarily-included offense, or where the lesser offense is not necessarily-included in the greater but is covered by the charging document and proof. The Court has also removed second-degree murder as a necessarily-included offense of a first-degree felony-murder and third-degree felony-murder as a necessarily-included offense of first or second-degree murder.
[2] See, e.g., United States v. Campbell, 652 F.2d 760 (8th Cir.1981) (cites Beck v. Alabama for rule that "a lesser-included offense instruction is not required unless the evidence warrants it."); United States ex rel. Brodie v. Hilton, 496 F. Supp. 619 (D.N.J. 1980) (Beck v. Alabama turned on existence of evidence that could have supported a verdict of guilt or the lesser-included non-capital offense); State v. Vickers, 129 Ariz. 506, 633 P.2d 315 (1981) (Beck v. Alabama, supra, does not require instruction on lesser-included offenses in death cases when there is no evidence to support conviction). The Supreme Court stated in Beck v. Alabama, supra, at 447 U.S. 637, 100 S.Ct. 2389, 65 L.Ed.2d 402, that:

While we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in state and federal courts establishes the value to the defendant of this procedural safeguard.
[3] But see note 1, supra, for limitations after October 1, 1981.
[4] See, e.g., Oliver v. State, 379 So.2d 143 (Fla. 3d DCA 1980) where a defendant charged with first-degree murder was convicted of second-degree murder based on a plea of nolo contendere even though the statute of limitations had run as to that offense. On appeal, this court applied theories of estoppel and initiated error in holding that Oliver could not, for the first time on appeal, raise the statute of limitations as a bar to conviction. The issue of waiver was not addressed.
[5] See, e.g., Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (waiver of fundamental right must be knowingly, intelligently, and voluntarily made); Groomes v. State, 401 So.2d 1139 (Fla. 3d DCA 1981) (stipulation in writing that state would not seek death penalty if defendant agreed to be tried by six jurors waiving right to trial by twelve jurors, effective where stipulation executed by defendant, his mother, defense counsel, state attorney and approved by the court); Sessums v. State, 404 So.2d 1074 (Fla. 3d DCA 1981) (waiver of jury trial effective where written waiver signed by defendant, and his counsel in open court in defendant's presence again announces waiver).
[6] Some other jurisdictions agree. See, e.g., Waters v. United States, 328 F.2d 739 (10th Cir.1964) (statute of limitations can be raised for first time on appeal); Chaifetz v. United States, 288 F.2d 133 (D.C. Cir.1960) (court not required to instruct on limitations-barred lesser offenses); City of Cleveland v. Hirsch, 26 Ohio App.2d 6, 268 N.E.2d 600 (Ct.App. 1971) (statute of limitations can be raised for first time on appeal); State v. Civella, 364 S.W.2d 624 (Mo. App. 1963) (guilty plea does not waive statute of limitations claim); see also Askins v. United States, 251 F.2d 909 (D.C. Cir.1958) (no waiver where charged offense not barred by statute of limitations and opportunity to raise did not arise until defendant found guilty of limitations-barred lesser offense); see generally Annot., 47 A.L.R.2d 887 (1956).
[7] The usual context in which the problem arises is in a prosecution for a capital or life felony which may be commenced at any time, whereas the lesser offenses must be commenced within four years. See § 775.15, Fla. Stat. (1977). The problem can, of course, arise in the context of any other situation where the statute of limitations for the offense charged is longer than the statute of limitations for lesser offenses.
[8] I think the conclusions that a defendant on trial for first-degree murder is not entitled to have the jury instructed on lesser-included offenses which are barred by the applicable statute of limitations, Perry v. State, supra; Keenan v. State, supra; Holloway v. State, supra, and that it is not error to instruct a jury that the defendant may not be convicted of such lesser offenses, Blackmon v. State, supra, overlook that the singular and exclusive purpose of the statute of limitations is to protect the defendant.
[9] Some courts faced with statutes of limitations providing that "no person shall be prosecuted, tried or punished unless the prosecution is commenced, etc." have concluded that the language set forth a legislative policy that limitations are not waivable. See Note, The Statute of Limitations in a Criminal Case: Can It Be Waived?, 18 William and Mary L.Rev. 823 (1977). Certainly, no such legislative policy can be gleaned from the language of Section 775.15, Florida Statutes (1974) ("[a] prosecution for ... must be commenced ...").
[10] In Oliver v. State, 379 So.2d 143 (Fla. 3d DCA 1980), this court, with no mention of Perry, Blackmon or Holloway, affirmed a conviction on a limitations-barred offense holding  in my view correctly  that the defendant's negotiated nolo plea to this offense estopped him from raising the statute of limitations as a bar. Implicit in this holding is that the court has jurisdiction to enter a judgment of conviction on a limitations-barred offense.
[11] The absurdity of this result from the State's point of view is that where there is a failure of proof on premeditation, the jury, or even the court, may be required to set free a defendant who has virtually conceded his guilt of a lesser offense. There is little to be said for a rule that requires an all or nothing verdict. See Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); Keenan v. State, supra; Hayes v. State, 368 So.2d 374 (Fla. 5th DCA 1979).
[12] Whether due process requires giving lesser-offense instructions in every case is an issue that has not been decided. In Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), the court held that the Major Crimes Act required the giving of a lesser-included offense instruction even though the Act did not confer federal jurisdiction over the defendant for the lesser crime. The Court said:

"While we have never explicitly held that the Due Process Clause of the Fifth Amendment guarantees the right of a defendant to have the jury instructed on a lesser included offense, it is nevertheless clear that a construction of the Major Crimes Act to preclude such an instruction would raise difficult constitutional questions." 412 U.S. at 213, 93 S.Ct. at 1998, 36 L.Ed.2d at 850.
Keeble, while not binding on state courts, makes clear that even a lack of jurisdiction to enter a judgment of conviction on the lesser crime is not an impediment to allowing the jury to return a verdict thereon. See Holloway v. Florida, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980) (Blackmun, J., dissenting from denial of certiorari).
The conclusion in Keeble is a recognition of the separation between the function of the jury to decide what crime the defendant committed and the function of the court to later decide whether he then can be convicted of the crime found. See Holloway v. State, 379 So.2d 953 (Fla. 1980) (Boyd, J., dissenting from denial of certiorari). It is clear that a court, although satisfied that the offense charged was proved by overwhelming evidence or that there is no evidence to support the lesser offenses, may not invade the province of the jury by refusing to instruct on the lesser offenses. Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896). No less of an invasion of the jury's role occurs when the refusal is based on the court's determination that conviction would be barred by the statute of limitations. While a forceful argument can be made that due process mandates the giving of lesser-offense instructions even without a waiver of the statute of limitations, I think there can be little doubt that the instructions are mandated when the statute of limitations is waived.
[13] I pretermit further discussion of a defendant who claims a constitutional right to the lesser-offense instructions without a waiver or a constitutional impediment to conviction after waiver. See n. 10 and Part II.C., supra.
[14] The Grand Jurors of the State of Florida, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Dade, upon their oaths, present that on the 11th day of June, 1974, MELVEE TUCKER did unlawfully and feloniously, from a premeditated design to effect the death of a human being, by shooting him with a firearm, in violation of Florida Statute 782.04, to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida.
[15] The Black indictment is found at 360 So.2d 142, 143 (Fla. 2d DCA 1978) and reads as follows:

The Grand Jurors of the State of Florida, duly called impaneled and sworn to inquire and true presentment make in and for the body of the County of Hernando and inquiring into the facts and circumstances surrounding the death of CARRIE BELLE BLACK, on their oaths do present and charge that THERON BLACK, did, on the 9th day of May, 1976, in violation of Florida Statute 782.04, unlawfully and perpetrated from a premeditated design to effect the death of the person killed, or any human being, did kill and murder CARRIE BELLE BLACK, a human being, by shooting her with a firearm, a more particular description being to this Body unknown.
[16] I would, however, certify the following question:

Is the error in the failure of an indictment to specify the place where the crime allegedly occurred so fundamental that it may be urged on appeal, though not properly presented at the trial court, where the defendant is not hindered in the preparation or presentation of his defense and the situs of the crime is proved at trial?