No. 79–6512. HOLLOWAY *v.* FLORIDA. Dist. Ct. App. Fla., 3d Dist. Certiorari denied.

JUSTICE BLACKMUN, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

The Court in this case denies certiorari to review what I believe is an important due process question requiring interpretation of our decisions in *Keeble* v. *United States,* 412 U. S. 205 (1973), and *Beck* v. *Alabama,* 447 U. S. 625 (1980).

The facts, taken from the state-court opinion and the undisputed allegations of the petition, may be summarized briefly. On November 7, 1972, a man was killed in Dade County, Fla. Five days later, petitioner voluntarily turned himself over to the Miami police in connection with the killing. After issuing *Miranda* warnings, the police took two separate statements from petitioner concerning the victim's death. Petitioner was then released. On November 29, he communicated with one of the police detectives and furnished a third statement.

About three and one-half years later, on June 23, 1976, petitioner and a codefendant were indicted for the capital felony of first-degree murder based on the 1972 killing. Following presentation of all the evidence, the trial court decided over petitioner's objection that it would not instruct the jury on the lesser included state offenses of second-degree murder, third-degree murder, and manslaughter, on the ground that the Florida statute of limitations had run on these lesser offenses.[1] The jury was instructed solely as to first-degree murder. Petitioner was convicted and sentenced to life imprisonment.

On appeal, the Florida District Court of Appeal affirmed the conviction. 362 So. 2d 333 (1978). The appellate court concluded that a defendant has no state or federal constitutional right to have a court instruct on lesser offenses where "any conviction returned as to such offense would be a nullity." *Id.,* at 335. After accepting jurisdiction and hearing argument, the Supreme Court of Florida, with one dissent, denied certiorari. 379 So. 2d 953 (1980).

This Court's decision in *Keeble* v. *United States, supra,* casts doubt on the validity of the state court's analysis. In *Keeble,* the Court held that an Indian charged with a federal

---

[1] At the time of the killing, the statute of limitations for each of the lesser offenses was two years. Fla. Stat. § 932.465 (1972). There was no period of limitations for the crime of first-degree murder. *Ibid.*

crime under the Major Crimes Act was entitled to an instruction on a lesser included offense even though the Act did not confer federal jurisdiction over the defendant for the lesser crime. The Court explained the value of such a safeguard:

> "[I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction." (Emphasis in original). 412 U. S., at 212–213.

More recently, in *Beck* v. *Alabama, supra,* the Court held that the death sentence may not constitutionally be imposed after a jury verdict of guilt of a capital offense if the jury has not been permitted to consider an alternative verdict of guilt of a lesser included offense. In reaffirming the Court's commitment to the lesser-offense doctrine, the Court observed that "the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard." 447 U. S., at 637.

Thus the Court more than once has expressed the understanding that a lesser-included-offense option minimizes the risk of undermining the reasonable-doubt standard. Florida, whose laws here apply, apparently has reached the same understanding, and requires that any person indicted for a "degree crime" such as first-degree murder [2] is entitled to

---

[2] See Fla. Stat. § 782.04 (1976 and Supp. 1980) (defining murder as a degree crime).

have the jury instructed on all degrees of the offense.[3] It is not disputed that, absent the running of the statute of limitations, petitioner would have been so entitled in this case.

On the record presented, it appears that the State's own delay in bringing an indictment against petitioner may have caused the statute of limitations to run. Serious due process concerns are raised if the State through prosecutorial inaction can avoid its own mandate to instruct on lesser degrees of an offense. Assuming that petitioner's uncontested version of the facts is accurate, I believe such conduct merits plenary review.

Even if we were to find, upon a fuller development of the record, that the State bears no onus for the delay in securing an indictment, I am inclined to the view that petitioner retains his right to a lesser-offense instruction. The Court's decisions in both *Keeble* and *Beck* imply that affording jurors a less drastic alternative may be constitutionally necessary to enhance or preserve their essential factfinding function.[4] Whether the trial court properly may enter a judgment of guilt should the jury convict for a lesser included offense seems to me a separate, *legal* matter with which the factfinder need have no concern.[5] Because I believe that a trial

---

[3] Florida Rule of Criminal Procedure 3.490 reads as follows:

*"Determination of Degree of Offense* If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense."

[4] Both *Keeble* and *Beck* stop short of explicitly holding that a defendant is entitled to a lesser-included-offense instruction as a matter of due process. In the circumstances of those cases, however, such a holding was not necessary in order to prescribe the lesser-offense instruction.

[5] The legal question may be determined by whether the defendant himself chooses to invoke a statute of limitations defense. At least two Cir-

court's asserted lack of jurisdiction may not be dispositive of the due process concerns here invoked, I would grant the petition for certiorari.

---

cuits have held that a defendant can effectively waive this defense. *United States* v. *Wild,* 179 U. S. App. D. C. 232, 236–238, 551 F. 2d 418, 422–424, cert. denied, 431 U. S. 916 (1977); *United States* v. *Doyle,* 348 F. 2d 715, 718–719, and n. 3 (CA2), cert. denied, 382 U. S. 843 (1965) (waiver by guilty plea); *United States* v. *Parrino,* 212 F. 2d 919, 922 (CA2), cert. denied, 348 U. S. 840 (1954) (same). The court in *Wild,* in concluding that the statute of limitations constitutes an affirmative defense to be raised by the defendant rather than a jurisdictional bar to prosecution, relied heavily on this Court's prior statement to that effect in *United States* v. *Cook,* 17 Wall. 168, 179 (1872). See also *Biddinger* v. *Commissioner of Police,* 245 U. S. 128, 135 (1917). There is no indication in the record before us as to how petitioner acted in this regard, or even whether he was presented with a choice.