**Jerry GATES, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 11, 1980.

Decided Dec. 19, 1980.

Neal A. Phillips, Wilmington (argued), for defendant-appellant.

Timothy Barron, Deputy Atty. Gen., Wilmington (argued), for plaintiff-appellee.

Before DUFFY, QUILLEN and HORSEY, JJ.

QUILLEN, Justice:

On January 22, 1979, at approximately 7:30 p. m., the home of a Mrs. Green was burglarized. Mrs. Green, who was 78 years old, encountered an intruder who had forced entry into the rear door of her house. Mrs. Green testified that a second intruder entered her home, slammed his fist in her face when she said she did not have any money, grabbed two radios in the living room, and punched Mrs. Green in the stomach on his return. Mrs. Green testified the second intruder was in her home from two to five minutes.

The defendant, Jerry Gates, was accused of being the second intruder and was indicted, tried and found guilty of burglary in the first degree, robbery in the first degree and conspiracy in the second degree.

The defendant testified that he was in the vicinity of Mrs. Green's home with one Gabriel Johnson when Johnson told him to wait a minute while Johnson checked something out. Johnson walked behind the victim's home. After several minutes, the defendant said he set out to find Johnson. Seeing Mr. Johnson inside Mrs. Green's house, the defendant said he entered the rear porch to see what was occurring. Defendant further testified that Johnson ran from the house and that the defendant followed, never having entered the house beyond the porch area, and never having encountered the victim.

Three issues are raised on appeal.

First, the defendant argues that an out-of-court show-up identification on the night of the crime, which he argues was inconclusive, was nonetheless unnecessarily suggestive and gave rise to an in-court identification that had no independent basis. Within an hour after the commission of the crime, based on a general description by Mrs. Green, defendant was picked up and shown to Mrs. Green at her home. The nighttime circumstances, however, were somewhat unusual since the defendant was on the sidewalk some twenty to twenty-five feet away and the victim, due to the recent trauma, was in her living room with a closed-in front porch, a terrace, and a walkway in between. Mrs. Green could not recognize the defendant's face that far away but did identify the jacket from the rear. She positively identified the defendant as the second intruder in court.

The prompt on-the-scene confrontation did not include any unnecessary and unfair police suggestion and, given the fresh reliability factor and the need for immediate investigation, the show-up here does not have any constitutional infirmity. See, e. g., *Watson v. State*, Del.Supr., 349 A.2d 738 (1975); *Harris v. State*, Del.Supr., 350 A.2d 768 (1975); *Smith v. State*, Del. Supr., 352 A.2d 765 (1976). Moreover, the in-court identification, under the totality of the circumstances, the test used in *Smith*, 352 A.2d at 767, was reliable. The victim had an unusual opportunity to see the defendant at the scene, her own home; the victim was obviously attentive to the criminal assault made against her person, which assault was confirmed by visible wounds; the victim gave a sufficient general description to enable the police to pick up the

defendant; the victim's in-court identification was positive; and trial was held only a little over two months after the crime. See *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972) for a statement of factors to be used in considering the totality of circumstances. Mrs. Green never relied on the pre-trial show-up for her identification of the defendant and there appears to be no risk that her in-court identification was the product of the show-up.

■ The second issue is procedurally related to the first. The defendant claims the Trial Court erred and abused its discretion in failing to grant a pre-trial request for a suppression hearing on the identification issue. While it is obviously better practice to give the defense a separate suppression hearing, either in a pre-trial hearing or by voir dire at trial, without the jury being present, there does not appear to be any conceivable prejudice to the defendant here. The identification evidence is clearly admissible.

The third issue presented on appeal is a significant one. The defendant argues that the Trial Judge erred in denying a defense request for a jury charge on criminal trespass in the first degree as a lesser included offense of burglary in the first degree.

■ Our law is quite specific. A lesser included offense should be charged where "there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." 11 *Del.C.* § 206(c). See also Superior Court Criminal Rule 31(c). Indeed, it has been pointedly suggested that the Due Process Clause may guarantee a defendant a right to have the jury instructed on a lesser included offense if the evidence so warrants. *Keeble v. United States*, 412 U.S. 205, 212–213, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844, 850 (1973); *Beck v. Alabama*, 447 U.S. 625, 637–638, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392, 402 (1980). It seems quite clear by the positioning of Criminal Trespass and Burglary in the same subpart of the Criminal Code dealing with offenses involving property that the General Assembly contemplated trespass as a lesser offense of burglary. 58 *Del.Laws*, ch. 497,* subch. III, subpart B.

■ It is perhaps understandable that the lesser charge here did not unduly impress the Trial Judge. Any balanced weighing of the evidence would lean overwhelmingly to the State's case. As the State notes, in addition to the out-of-court clothing identification and the positive in-court personal identification by the victim, there was the following evidence: the defendant's fingerprint was on the exterior of the interior rear door, the point of entry; the defendant had fresh cuts on the bottom of his shoes and a piece of glass in one which circumstantially related to a broken door glass which fell *inside* the house at the point of entry; the defendant denied being present in a statement taken following the show-up only to change his innocent explanation in a second statement after the discovery of the fingerprint, and even the second statement was improved upon, toward innocence, by the trial testimony. In

* The two provisions involved here are 11 *Del.C.* § 823 and § 826 which read as follows:

"§ 823. Criminal trespass in the first degree; class A misdemeanor.

"A person is guilty of criminal trespass in the first degree when he knowingly enters or remains unlawfully in a dwelling.

"Criminal trespass in the first degree is a class A misdemeanor."

"§ 826. Burglary in the first degree; class B felony.

"A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling at night with intent to commit a crime therein, and when, in effecting entry or when in the dwelling or in immediate flight therefrom, he or another participant in the crime:

"(1) Is armed with explosives or a deadly weapon; or

"(2) Causes physical injury to any person who is not a participant in the crime.

"Burglary in the first degree is a class B felony."

short, we tend to agree the evidence overwhelmingly establishes the defendant's guilt of the greater offense. But we nonetheless view the weight of the evidence as one for the jury and feel that the defendant was entitled to have his version of the facts submitted to the jury as in normal course. Failure to so instruct the jury was error.

■ But, under the peculiar circumstances of this case, we find the error was harmless beyond a reasonable doubt. By the time of the jury charge, the defendant had admitted his presence in both his second pre-trial statement and his trial testimony so his presence at the scene was no longer in issue. In dealing with a lesser included offense, it is important to note why such an offense should be charged. It could be argued that theoretically the defendant is not prejudiced by the failure to charge the lesser offense because the jury must find each element of the greater offense beyond a reasonable doubt and, if they do not, the defendant is entitled to an acquittal. Thus, in theory, the defendant is better off.

But, as Justice Brennan indicated in the *Keeble* case, *supra*, there is a legitimate concern that a jury, given the practical choice between guilt of a greater offense and not guilty, in a situation where a crime has been committed, might, through inadvertence or misunderstanding, be led to convict of the greater offense. But, because this case has particular multiple charges, that concern is eliminated. There was a very precise focus on the factual elements necessary to establish the burglary. The defendant here, tried individually, was also charged with conspiracy and robbery. Thus, under the case as submitted, the jury specifically found that the defendant agreed with his comrade to commit robbery and that the defendant himself committed the robbery alleged, accomplice not being charged. In that posture, the jury necessarily found the defendant entered the dwelling with intent to steal and caused the physical injury to the victim. In short, the jury focused on the very factual issues negated by the lesser included offense of trespass and specifically found the very facts necessary to support the burglary conviction, entrance into the house with intent to steal plus physical harm to Mrs. Green. Under these circumstances, the failure of the Trial Court to charge on the lesser included offense of trespass in the first degree was harmless beyond a reasonable doubt.

The judgment of the Superior Court is affirmed.