No. 80–6785. SPAZIANO v. FLORIDA. Sup. Ct. Fla. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN, joins, dissenting.

Because I continue to believe that the death penalty is in all circumstances cruel and unusual punishment prohibited by

the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976), I would grant certiorari and vacate the death sentence in this case. I would also grant certiorari on an additional ground. This case presents the question whether the death sentence may be imposed after conviction of a capital offense, where the jury was not instructed as to lesser-included noncapital offenses because the statute of limitations had run with respect to the lesser offenses. Petitioner argues that the failure to provide instructions on lesser-included offenses in these circumstances is inconsistent with this Court's decisions in *Keeble* v. *United States*, 412 U. S. 205 (1973), and *Beck* v. *Alabama*, 447 U. S. 625 (1980). In my view, there is substantial merit to this claim.

Petitioner was arrested by Florida police and charged with the capital felony of first-degree murder. He was tried by a jury. After the submission of the evidence, the trial judge required petitioner to choose between having the jury instructed only as to first-degree murder, or waiving the Florida statute of limitations with respect to the lesser-included noncapital offenses of second-degree murder, third-degree murder, and manslaughter. The statute had run on each of those offenses. Petitioner refused to waive the statute of limitations. Thus, the jury was not permitted to consider the possibility that petitioner might be guilty of some lesser offense. After several hours of deliberations, the jury found petitioner guilty of first-degree murder. It recommended that he be sentenced to life imprisonment. The trial judge rejected this recommendation and sentenced petitioner to death. The Florida Supreme Court affirmed. It stated that instructions as to lesser-included offenses would have been required in ordinary circumstances. Where the statute had run on those offenses, however, instructions were not necessary. 393 So. 2d 1119 (1981).

I am not persuaded by the Florida Supreme Court's reasoning. In *Keeble* and *Beck*, this Court emphasized the importance of instructions on lesser-included offenses. *Keeble*

held that an Indian prosecuted in a Federal District Court under the Major Crimes Act of 1855 is entitled to a jury instruction on a lesser-included offense, even though the Act did not confer federal jurisdiction over the defendant for the lesser crime. The Court stated:

> "[I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction." *Keeble, supra*, at 212–213.

The Court did not explicitly hold that there was a due process right to have the jury instructed on a lesser offense. It stated, however, that if the Major Crimes Act were interpreted as precluding such an instruction, "difficult constitutional questions" would be raised. *Id.*, at 213.

In *Beck* v. *Alabama*, the Court held that the death sentence may not constitutionally be imposed where the jury was not permitted to consider a verdict of guilt of a lesser-included offense. Providing the jury with the option of convicting on a lesser-included offense ensures that the jury will accord the defendant the full benefit of the reasonable-doubt standard. As in *Keeble*, the Court chose not to decide whether due process requires that instructions on lesser offenses be given in every case. It stated, however, that the risk of an unwarranted conviction cannot be tolerated in a case in which the defendant's life is at stake.

The principles underlying *Keeble* and *Beck* would seem to apply with just as much force where the statute of limitations on the lesser-included offenses has run. Those cases focused

on the danger of an unwarranted conviction, where the jury was given a choice only between acquittal and conviction for the offense charged, and was not given the opportunity to consider whether the defendant was guilty of some lesser-included offense. This danger exists even where the statute of limitations has run with respect to the lesser offense. Thus, I think a strong argument can be made that the jury should be instructed as to that offense.

A criminal defendant should not be penalized because the State did not bring him to trial within the time prescribed by the state legislature for lesser-included offenses. After receiving instructions on both the offense charged and the lesser-included offenses, the jury may render a guilty verdict on a lesser offense. Such a verdict would reflect the jury's conclusion that, although it believed beyond a reasonable doubt that the defendant was guilty of criminal conduct, it had a reasonable doubt as to whether the State had proved each element of the offense charged. At this point, the court must decide as a matter of law whether the statute of limitation prevents it from sentencing the petitioner for the lesser crime. The court should not be permitted to avoid this legal question by refusing to allow the jury to decide whether the defendant is guilty only of a lesser offense.

The issue presented here is very similar to the issue presented in a petition for a writ of certiorari considered by this Court last Term. See *Holloway* v. *Florida,* 449 U. S. 905 (1980). In that case also, the petitioner was arrested by Florida police and charged with first-degree murder. The trial court chose not to instruct the jury on lesser-included offenses on the grounds that the Florida statute of limitations had run with respect to those offenses. The jury was instructed solely as to first-degree murder. Petitioner was convicted and sentenced to life imprisonment. The Florida Supreme Court affirmed and this Court denied certiorari. JUSTICE BLACKMUN, joined by JUSTICE BRENNAN and myself, dissented. JUSTICE BLACKMUN explained as follows:

> "The Court's decisions in both *Keeble* and *Beck* imply that affording jurors a less drastic alternative may be constitutionally necessary to enhance or preserve their essential factfinding function. Whether the trial court properly may enter a judgment of guilt should the jury convict for a lesser included offense seems to me a separate, *legal* matter with which the factfinder need have no concern." *Id.*, at 908 (footnote omitted).

In at least one respect, this case is more troubling than *Holloway*. The petitioner here has been sentenced to death. Because the court refused to instruct the jury on the lesser offenses solely because the statute of limitations had run with respect to those offenses, its decision to impose the death penalty was flatly inconsistent with *Beck* v. *Alabama*.

JUSTICE BLACKMUN, dissenting.

Because of the presence in this case of the issue concerning petitioner's entitlement to instructions on lesser-included noncapital offenses, I would grant the petition for certiorari and give the case plenary consideration. See *Holloway* v. *Florida*, 449 U. S. 905 (1980) (dissenting opinion).