**Lester CANE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: June 13, 1989.
Decided: June 16, 1989.

Anthony A. Figliola, Jr. (argued), and Sheryl Rush–Milstead, Wilmington, for appellant.

Timothy Barron (argued), Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

PER CURIAM:

In the exercise of its constitutional authority,[1] this Court accepted for determination a question of law, certified by the Superior Court, involving the construction

---

1. Article IV, section 11(9) of the Delaware Constitution empowers this Court:
   To hear and determine questions of law certified to it by other Delaware courts and

the United States District Court for the District of Delaware where it appears to the Supreme Court that there are important and

of the statute of limitations in criminal prosecutions contained in 11 *Del.C.* § 205. The certification followed the conviction, after a jury trial, of Lester Cane for manslaughter. The certified question relates only to whether Cane's conviction was time-barred under 11 *Del.C.* § 205(b)(1).[2]

The question of law certified by the Superior Court is:

Does 11 *Del.C.*, section 205(b), preclude as a matter of law conviction for Manslaughter as a lesser included offense of Murder where prosecution for Manslaughter would be time-barred?

## I

The facts have been stipulated and are not in dispute. On March 2, 1987, defendant Cane was indicted for murder in the second degree for having allegedly caused the death of the victim on February 5, 1974. Defendant had not fled the jurisdiction to avoid prosecution.

In the course of trial, the State requested a jury instruction on the lesser included offense of manslaughter. Defendant objected, not on the ground that a charge of manslaughter was time-barred, but on the ground that he could not be convicted of a reckless killing when his defense was "alibi." Following the court's giving of the

lesser included offense charge, the jury returned a verdict of guilty of manslaughter.

Defendant then moved to vacate the verdict on the grounds that the prosecution for and/or his conviction of manslaughter were barred under the provisions of 11 *Del.C.* § 205(b) because the State commenced its prosecution against him more than five years after the killing of the victim. The Superior Court certified the above question without ruling on defendant's motion and has deferred imposition of sentence pending this Court's response. The defendant has remained incarcerated pending resolution of this issue.

## II

Though the certified question is one of first impression in Delaware, the law elsewhere is almost unanimous in holding that one cannot be convicted of a lesser included offense where prosecution of the greater offense commenced after the expiration of the statute of limitations applicable to the lesser included offense. *See* Annotation, 47 A.L.R.2d 887.[3]

■ Under section 205(a), the State's prosecution of defendant by indictment for murder in the second degree was undisputedly timely because "a prosecution for

urgent reasons for an immediate determination of such questions by it....
Del. Const. art. IV, § 11(9) (1897, amended 1983).

**2.** The pertinent portions of section 205 provide:
(a) A prosecution for murder may be commenced at any time.
(b) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(1) A prosecution for any felony except murder must be commenced within 5 years after it is committed.

**3.** The following courts have held that a defendant cannot be convicted of a lesser offense upon prosecution for the greater crime which includes the lesser offense when the prosecution is commenced after the statute of limitations has run on the lesser offense: *Waters v. United States*, 10th Cir., 328 F.2d 739 (1964); *Chaifetz v. United States*, D.C.Cir., 288 F.2d 133 (1960), *rev'd on other grounds*, 366 U.S. 209, 81 S.Ct. 1051, 6 L.Ed.2d 233 (1961); *Benes v. United States*, 6th Cir., 276 F.2d 99 (1960); *Padie v. State*, Alaska Supr., 557 P.2d 1138 (1976); *People v. Rose*, Cal.Ct.App., 28 Cal.App.3d 415, 104

Cal.Rptr. 702 (1972); *Drott v. People*, 71 Colo. 383, 206 P. 797 (1922); *Holloway v. State*, Fla.Ct. App., 362 So.2d 333 (1978); *People v. Burt*, Mich.Supr., 16 N.W. 378 (1883); *State v. Civella*, Mo.Ct.App., 364 S.W.2d 624 (1963); *State v. Stillwell*, App.Div., 175 N.J.Super. 244, 418 A.2d 267 (1980). Georgia apparently is the only state which permits conviction for a lesser offense under the indictment for the larger crime even though the time limitations statute has run on the lesser offense. *See Sikes v. State*, 20 Ga.App. 80, 92 S.E. 553 (1917). A small number of jurisdictions have held that a defendant may waive the time limitation defense either by requesting the instruction for the lesser included offense, *see United States v. Williams*, 4th Cir., 684 F.2d 296 (1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983), or by failing to challenge the inclusion of the lesser offense in the charge to the jury, *see People v. Lohnes*, N.Y.Supr., 76 Misc.2d 507, 351 N.Y.S.2d 279 (1973). The State of Maine permits the conviction of the lesser included offense by statute. *See State v. Borucki*, Me.Supr., 505 A.2d 89 (1986).

murder may be conmenced at any time." The question presented arises due to section 206. In the course of a trial on a murder indictment, a defendant may be acquitted of the offense charged but convicted by the trier of fact of any lesser included offense, such as manslaughter, the elements of which defendant's conduct establishes and for which there is a rational basis in the evidence. 11 *Del.C.* § 206(a), (b) and (c).[4] *Bailey v. State,* Del.Supr., 521 A.2d 1069, 1093–94 (1987); *Dutton v. State,* Del.Supr., 452 A.2d 127, 146 (1982); *Derrickson v. State,* Del.Supr., 321 A.2d 497, 501–02 (1974). In this sense, an indictment for murder may be said to permit, subject to compliance with section 206, a defendant's conviction of manslaughter.

■ Relying on section 206, the State argues that defendant can be lawfully convicted of manslaughter as long as the prosecution acted in good faith. By good faith, the State means that the prosecution did not indict defendant for murder with the knowledge that the evidence only supported a manslaughter conviction. The State concedes that the tolling provision of section 205(g)(1) has no application to this case since there is no evidence that defendant had fled the jurisdiction.[5] But the State also argues that if the time limitations of section 205(b)(1) do apply, the defendant waived the defense by failing to

ground his objection to the State's request for a manslaughter instruction on section 205(b)(1). Stating that sections 205 and 206 "should be read together," the State urges this Court to rule that the limitations of section 205 apply only to the offenses charged in an indictment and not to any lesser included offense for which a defendant may ultimately be found guilty on the trial record.

We agree that the two statutes should be read together. We conclude, however, as a matter of statutory construction, that the time limitations of section 205 do apply to any lesser included offenses for which a defendant may be convicted. Thus, we find no evidence of legislative intent supporting the State's position and we hold that Delaware should join the overwhelming weight of authority to the contrary, as noted above.

\*　　\*　　\*

■ In construing and relating 11 *Del.C.* § 205 to § 206, this Court's established standard is to search for legislative intent. *Spielberg v. State,* Del.Supr., 558 A.2d 291, 293 (1989). "Where the intent of the legislature is clearly reflected by unambiguous language in the statute, the language itself controls." *Id., citing Evans v. State,* Del. Supr., 516 A.2d 477, 478 (1986).

Applying these standards, we first construe section 205 to be jurisdictional in

---

**4.** The pertinent provisions of section 206 provide:

(a) When the same conduct of a defendant may establish the commission of more than 1 offense, the defendant may be prosecuted for each offense....

\*　　\*　　\*　　\*　　\*　　\*

(b) A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

(1) It is established by the proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(3) It involves the same result but differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

(c) The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

The first sentence of subsection (b) has been previously clarified and construed to mean, "A defendant may be convicted of an offense not charged in the indictment or information if included in an offense charged in the indictment or information." *Mackie v. State,* Del. Supr., 384 A.2d 625 (1978).

**5.** 11 *Del.C.* § 205(g)(1) provides:

(g) The period of limitation does not run:

(1) During any time when the accused is fleeing or hiding from justice so that his identity or whereabouts within or outside the State cannot be ascertained, despite a diligent search for him....

As noted above, the parties have stipulated that defendant at no time attempted to flee the jurisdiction.

nature. *See, e.g., Spears v. State,* 26 Ala. App. 376, 160 So. 727, 728–29 (1935); *People v. Rose,* 28 Cal.App.3d 415, 104 Cal. Rptr. 702, 703–04 (1972); *State v. Stillwell,* App.Div., 175 N.J.Super. 244, 418 A.2d 267, 271 (1980), *citing People v. Morgan,* 75 Cal.App.3d 32, 141 Cal.Rptr. 863, 866–67 (1977). *Compare Sheeran v. State,* Del. Supr., 526 A.2d 886, 891–03 (1987), *with James v. State,* Del.Supr., 377 A.2d 15 (1977) (analyzing situs rules under 11 *Del. C.* § 204). Accordingly, the time limitations of that section confer substantive rights which a defendant may not waive as distinguished from the affirmative defenses to criminal liability created under 11 *Del.C.,* chapter 4, as to which a defendant has the burden of proof and which he may waive, *see Crosby v. State,* Del.Supr., 295 A.2d 708 (1972); *Foraker v. State,* Del. Supr., 394 A.2d 208 (1978).

■ The language of section 205 does not countenance a conviction for manslaughter in this case. Section 205(b)(1) states in unequivocal terms that "a prosecution for any felony except murder must be commenced within five years after it is committed." A lesser included offense is, by definition, an offense for which a defendant may be convicted under an original charge. *Cf. Dutton v. State,* Del.Supr., 452 A.2d 127 (1982). The State, by requesting and obtaining an instruction on the lesser included offense of manslaughter, effectively commenced a "prosecution" against defendant for manslaughter which related back to the date of the original indictment. Applying the language of section 205(b)(1), we find that the statute of limitations for this "prosecution" had already expired when Cane was indicted in February 1987. Because the prosecution of the manslaughter charge was not commenced within five years after the homicide, it was barred.

■ Sound policy also supports the rule that a prosecution for a lesser included offense may not commence outside the time limits for a prosecution on that offense by original indictment or information. As is aptly stated in the Commentary to the Delaware Criminal Code:

> Several important policies underlie a statute of limitations in criminal cases.

The most persuasive is the fact that after a certain time, evidence tending to prove or disprove criminal liability becomes stale. Witnesses die, move away, or forget, physical evidence disintegrates, and it becomes impossible to ascertain what actually happened. Statutes of limitations may also be viewed as statutes of repose. Even a person who has committed a criminal act is entitled, after the passage of some time, to conduct his affairs on the assumption that they will not be disrupted by a criminal prosecution. This is particularly true in the case of someone who has ceased to engage in criminal activity and is leading a law-abiding life.

*Commentary* at 12.

We hold that the time limitation of section 205(b)(1) stands as an absolute bar to defendant's prosecution and conviction for any criminal offense other than murder. We find the time limitations of section 205(b)(1) to be subsumed within the definition of a lesser includable offense under section 206(b). Accordingly, we find the Superior Court's instruction that the jury could consider and convict defendant of the lesser included offense of manslaughter to be erroneous as a matter of law and plain error. Protection from prosecution for an offense which is time-barred is a substantive right which may not be waived, in contrast with the statute of limitations controlling civil actions. *See Chaifetz v. U.S.,* 288 F.2d at 135–36; *United States v. Haramic,* W.D.Pa., 125 F.Supp. 128, 129 (1954).

To summarize, a defendant may not be prosecuted for, or convicted of, a lesser included offense if at the time the offense is presented to the court, its prosecution is time barred. *See e.g., State v. Stillwell,* App.Div., 175 N.J.Super. 244, 418 A.2d 267, 271 (1980); *Padie v. State,* Alaska Supr., 557 P.2d 1138, 1142 (1976). The certified question is answered in the affirmative. This case is remanded for proceedings consistent with this opinion.