Charles SLATER, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: April 14, 1992.
Decided: May 7, 1992.

Karl Haller, Assistant Public Defender, Georgetown, for appellant.

Timothy J. Donovan, Jr., Deputy Atty. Gen., Wilmington, for appellee.

Before VEASEY, C.J., WALSH, and HOLLAND, JJ.

HOLLAND, Justice:

By information filed in the Family Court on March 6, 1990, the defendant-appellant, Charles Slater ("Slater"), was charged with committing several misdemeanor offenses against a victim who was a child ("the Family Court charges"). *See* 10 *Del.C.* § 922(a)(1). On the day before Slater's trial was to begin, August 21, 1990, the prosecutor informed the Family Court by letter of the State's intentions to *nolle prosequi* the Family Court charges and, thereafter, seek to indict Slater in the Superior Court. On September 17, 1990, Slater was charged, in an indictment by the grand jury, with several felony offenses against a child ("the Superior Court charges"), which arose from the same circumstances as the earlier Family Court charges.[1] Slater was convicted on January 16, 1991, following a jury trial in the Superior Court, of one count of Assault in the Third Degree (11 *Del.C.* § 611) and one count of Reckless Endangering in the Second Degree (11 *Del.C.* § 603), both misdemeanors, which were lesser included offenses to the felonies for which Slater had been indicted.[2]

---

1. Slater was indicted for Assault in the Second Degree (11 *Del.C.* § 612(1)), Reckless Endangering in the First Degree (11 *Del.C.* § 604), Conspiracy in the Second Degree (11 *Del.C.* § 512(1)), and Possession of a Deadly Weapon During the Commission of a Felony (11 *Del.C.* § 1447(a)).

2. The jury found Slater not guilty of Conspiracy in the Second Degree and not guilty of the weapon offense.

Slater raises two issues in this direct appeal. First, Slater contends that the Superior Court committed reversible error when it denied his motion to dismiss the charges, based upon an allegation of unnecessary delay, which Slater attributed to a manipulation of the judicial process by the State. Second, Slater contends that the Superior Court committed reversible error when it denied his motion to dismiss the charges, based upon his assertion that the Superior Court lacked jurisdiction over the offenses for which Slater was convicted, because they were misdemeanors involving a victim who was a child. *See* 10 *Del.C.* § 922(a)(1). This Court has concluded that there is no merit in either of Slater's contentions. Accordingly, the judgments of the Superior Court are affirmed.

### Facts

Slater's convictions arose from an incident that occurred at a pool hall in Greenwood, Delaware on January 27, 1990. The State contended at trial that Slater and his co-defendant, Paul Rash ("Rash"), assaulted and injured the male seventeen-year-old alleged victim. The State presented evidence that Slater had severely beaten the victim with a pool cue and with his fists. The State also presented evidence that Slater had kicked the victim after he had fallen to the ground, resulting in the victim's broken rib. According to the State's evidence, as the victim tried to escape, Rash pulled out a knife, held it to the victim's throat, and threatened to kill him.

On March 6, 1990, Slater and Rash both were charged in the Family Court with committing several misdemeanor offenses, i.e., Assault in the Third Degree, Reckless Endangering in the Second Degree, and Conspiracy in the Second Degree. The record reflects that the information charging Slater and Rash with those misdemeanor offenses was filed in the Family Court

because of the seventeen-year-old victim's status as a child. *See* 10 *Del.C.* § 922(a)(1).[3] On August 21, 1990, the day before trial was scheduled to begin in the Family Court, the State filed a letter with the Family Court indicating the State's intention to enter a *nolle prosequi* regarding the misdemeanor charges and, thereafter, seek to initiate felony charges in the Superior Court based upon the same incident.

On September 17, 1990, Slater was indicted by the grand jury for the felony offenses of Assault in the Second Degree, Reckless Endangering in the First Degree, Conspiracy in the Second Degree, and Possession of a Deadly Weapon During the Commission of a Felony. Slater's attorney filed a pretrial motion to dismiss the Superior Court charges, citing the six month delay between the time of the alleged crimes and the time of the indictment as support for his argument. According to Slater's motion, the State had unnecessarily delayed the judicial process by manipulating it unfairly to the prejudice of Slater. Slater's motion further alleged that the State had denied Slater his constitutional rights to a speedy trial. The Superior Court denied that motion.

After all of the evidence was presented to the jury at trial, Slater's attorney requested, during the prayer conference, that the jury be instructed on the lesser included misdemeanor offenses to the felony crimes with which Slater was charged. At that time, the prosecuting attorney expressed concern over potential jurisdictional problems in the event that the jury found Slater guilty of a lesser included misdemeanor offense:

> [Prosecutor]: I just want to bring this up, Your Honor. This case arose in Family Court because the victim at the time was a juvenile and the defendants were arrested for assault in the third degree. And after the State looked at it we deter-

---

**3.** This section provides, in relevant part:
[T]he [Family] Court shall have exclusive original criminal jurisdiction in all proceedings in this State concerning the following, the enumeration of which shall not be construed to exclude jurisdiction otherwise conferred upon the Court:

(1) Ill treatment, abuse, abandonment, or contributing to the delinquency of a child, *or any misdemeanor committed against a child;* 10 *Del.C.* § 922(a)(1) (Supp.1990) (emphasis added).

mined it was assault second. My concern is should the jury return a verdict of guilt on assault in the third degree that this Court may be without jurisdiction, and, therefore, it would be my request that the Court not give that lesser included, based on that.

The Superior Court acknowledged, on the record, its concern over a potential jurisdictional problem. Nevertheless, the Superior Court granted Slater's request for jury instructions on the lesser included, misdemeanor offenses.

The jury convicted Slater and Rash of one count each of Assault in the Third Degree and Reckless Endangering in the Second Degree. *See* Super.Ct.Crim.R. 31(c). After the verdict was rendered, Slater's attorney filed a motion to dismiss those misdemeanor convictions, on the basis that the Superior Court lacked jurisdiction over those offenses. Slater argued that, because the victim was seventeen-years-old at the time of the crime, and because the Family Court had exclusive jurisdiction over "any misdemeanor committed against a child," the Superior Court lacked jurisdiction to convict Slater of any misdemeanor crimes committed against a child victim. *See* 10 *Del.C.* § 922(a)(1). The Superior Court denied Slater's post-verdict motion to dismiss for lack of jurisdiction.

### *Manipulation—Unnecessary Delay Inadequate Appellate Record*

Slater's first claim of error relates to what he characterizes as unnecessary delay caused by the State's "manipulation" of the judicial process. Slater contends that the Superior Court indictment, arising from crimes which were alleged to have occurred on January 27, 1990, should have been dismissed. According to Slater, the State's decision not to proceed against him on the original misdemeanor charges in the Family Court caused an unnecessary delay in presenting the felony charges to the grand

jury until September 17, 1990. *See* Super.Ct.Crim.R. 48(b).[4] *See also State v. Fischer,* Del.Supr., 285 A.2d 417 (1971). As a corollary, Slater also contends that the State's delay denied Slater his constitutional rights to a speedy trial. *See* U.S. Const. amend. VI; Del.Const. art. I, § 7.

The State points out that Slater has failed to include in the appellate record a transcript of the hearing at which Slater's pretrial motion to dismiss was argued and denied, as required by the rules of this Court. *See* Supr.Ct.R. 9(e)(ii), 14(e). The State argues that this deficiency in the record before this Court precludes appellate review of the propriety of the Superior Court's ruling on Slater's pretrial motion to dismiss. Slater does not dispute that neither a transcript of the pretrial hearing on his motion to dismiss nor the Superior Court's ruling on that motion are included in the record.

Supreme Court Rules 9(e)(ii) and 14(e) "direct all parties to order a transcript and to include in their appendix those portions of the record which are relevant to any claims on appeal." *Tricoche v. State,* Del. Supr., 525 A.2d 151, 154 (1987). Those same rules place the burden upon the appellant of producing "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred." *Id.* Therefore, the record provided to this Court by an appellant "must include a transcript of all evidence relevant to the challenged finding or conclusion." *Id.*

■ In the present case, Slater, as the appellant, had the burden of providing this Court with a transcript of the pretrial hearing on his motion to dismiss so that this Court had "a fair and accurate account of the context in which the claim of error occurred." *Id.* Without a transcript of the pretrial hearing, at which Slater's pretrial motion to dismiss was raised and ruled

---

**4.** Superior Court Criminal Rule 48(b) provides in relevant part:

> If there is *unnecessary delay* in presenting the charge to a grand jury or in filing an information against a defendant who has

been held to answer in Superior Court, or if there is *unnecessary delay* in bringing a defendant to trial, the Court *may dismiss* the indictment, information or complaint.
Super.Ct.Crim.R. 48(b) (emphasis added).

upon, this Court has no adequate basis for evaluating the merits of Slater's claim that the State caused unnecessary delay, by purportedly "manipulating" the judicial process to Slater's detriment. *See Tricoche v. State*, 525 A.2d at 154. Consequently, Slater's failure to comply with the rules of this Court precludes our appellate review of his contention that the Superior Court erred in denying his pretrial motion to dismiss. *Id.*

### Lesser Included Offenses
### Superior Court Jurisdiction

Slater's second contention is that, even if he was properly indicted for the felony offenses, the Superior Court was divested of its jurisdiction once the jury acquitted him of the felony charges, and, instead, convicted him of the lesser included misdemeanors. Thus, according to Slater, the Superior Court erred by denying his motion to dismiss, following the announcement of the jury's verdicts. In support of his argument, Slater relies upon this Court's decision in *Cane v. State*, Del.Supr., 560 A.2d 1063 (1989), and Section 922 of Title 10.

In *Cane*, the issue presented was whether the defendant, who was charged with first degree murder, had been properly convicted of the lesser included offense of manslaughter, since the five year statute of limitations on manslaughter had expired. *Cane v. State*, 560 A.2d at 1065. In *Cane*, over the defendant's objection, the Superior Court granted the *State's request* to instruct the jury on the lesser included offense of manslaughter. This Court concluded that the expiration of the statute of limitations for that particular crime was an absolute bar to the State's prosecution for manslaughter. *Id.* at 1066. Therefore, this Court held that the Superior Court had no jurisdiction to instruct the jury, over the defendant's objection, on the time barred lesser included offense of manslaughter. *But see Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).

The circumstances in *Cane* are *not* analogous to the present case. In *Cane*, the State's prosecution for manslaughter was barred under all circumstances due to the expiration of the statute of limitations. However, in the present case, even Slater acknowledges that the State could have lawfully convicted him of the misdemeanor offenses for which he was ultimately convicted in the Superior Court, if the State had tried him in the Family Court. Because the commencement of Slater's prosecution was timely, his reliance upon *Cane* is misplaced.

The alternative authority which Slater cites in support of his jurisdictional argument is 10 *Del.C.* § 922(a)(1). That section vests the Family Court with exclusive *original* criminal jurisdiction for "any misdemeanor committed against a child." *Id.* Slater contends that, as a result of Section 922(a)(1), the Superior Court had no jurisdiction over the misdemeanor offenses for which he was convicted because the victim was a minor.

The Superior Court has personal and subject matter jurisdiction over adults who are indicted for a crime that is a felony, irrespective of whether the victim is a child. *See* Del.Const. art. IV, § 7; 11 *Del.C.* § 2701. The record reflects that, despite the State's objection, Slater requested the Superior Court to give an instruction to the jury on the lesser included misdemeanor offenses for which Slater was ultimately convicted. "Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973). *See also Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980) (citing 2 M. Hale, Pleas of the Crown 301–302 (1736); 2 W. Hawkins, Pleas of the Crown 623 (6th ed. 1787); 1 J. Chitty, Criminal Law 250 (5th Am. ed. 1847); T. Starkie, Treatise on Criminal Pleading 351–352 (2d ed. 1822)).

■ This Court has recognized that the Delaware law on the subject of lesser included offenses is "quite specific." *Gates v. State*, Del.Supr., 424 A.2d 18, 21 (1980). A defendant is *entitled* to an instruction on a lesser included offense if the evidence would permit a jury rationally to acquit him of the greater offense and to convict him of the lesser. *Id.* (citing 11 *Del.C.* § 206(c); and Super.Ct.Crim.R. 31(c)). Moreover, in *Gates*, this Court observed that "the Due Process Clause may guarantee a defendant a right to have the jury instructed on a lesser included offense if the evidence so warrants." *Id.* (citing *Keeble v. United States*, 412 U.S. at 212–13, 93 S.Ct. at 1998; *Beck v. Alabama*, 447 U.S. at 637–38, 100 S.Ct. at 2389).[5] In *Keeble* and *Beck*, the United States Supreme Court intimated that any other conclusion would deny a defendant the full benefit of the reasonable doubt standard, in an otherwise appropriate evidentiary context, by not providing the jury with a proper alternative to conviction as charged or acquittal. *Beck v. Alabama*, 447 U.S. at 633–34, 100 S.Ct. at 2388. *Keeble v. United States*, 412 U.S. at 212–13, 93 S.Ct. at 1998.[6]

A corollary question is presented by Slater in the case *sub judice:* If a defendant has the right to have the jury instructed on any lesser included offense for which "a rational basis exists in the evidence," does the court which has jurisdiction over the greater offense have derivative jurisdiction over the lesser included offense? The United States Supreme Court has answered that question in the affirmative and concluded that if a defendant is entitled to a lesser included offense instruction, the trial court has jurisdictional authority to convict him of the lesser included offense. *Keeble v. United States*, 412 U.S. at 214, 93 S.Ct.

at 1998. *See also United States v. John*, 587 F.2d 683 (5th Cir.1979); *Felicia v. United States*, 495 F.2d 353 (8th Cir.), *cert. denied*, 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79 (1974). The *ratio decidendi* in *Keeble*, is particularly didactic to this Court's review of Slater's jurisdictional claim, since an analogous situation was presented to the Supreme Court of the United States.

In *Keeble*, the defendant, a native American, was indicted for assault with intent to commit serious bodily injury on an Indian reservation, a federal crime under the Major Crimes Act of 1885. The District Court refused to instruct the jury on the lesser included offense of simple assault because jurisdiction for that crime was not conferred upon the federal courts by the Major Crimes Act, and instead was left exclusively as "a matter for the tribe." *Keeble v. United States*, 412 U.S. at 206, 93 S.Ct. at 1995. The Supreme Court opined that a defendant has a right to an instruction on a lesser included offense if "the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Id.* at 208, 93 S.Ct. at 1995.

In *Keeble*, the Supreme Court rejected the Government's argument that an individual defendant's right to "a jury instruction on a lesser offense must fall before the congressionally sanctioned interests of the tribe in preserving its jurisdiction." *Id.* at 209, 93 S.Ct. at 1996. The Supreme Court stated that the Government's argument was compelled by neither the language, nor the purposes, nor the history of the Major Crimes Act. *Id.* Thus, the Supreme Court implicitly held that, once the District Court lawfully obtained jurisdiction over the defendant for the indicted offense,

---

**5.** In both *Keeble* and *Beck*, the United States Supreme Court stopped "short of explicitly holding that a defendant is entitled to a lesser-included-offense instruction as a matter of due process. In the circumstances of those cases, however, such a holding was not necessary in order to prescribe the lesser-offense instruction." *Holloway v. Florida*, 449 U.S. 905, 908 n. 4, 101 S.Ct. 281, 283 n. 4, 66 L.Ed.2d 137 (Blackmun, J., dissenting from a denial of a writ of certiorari).

**6.** The common law origin of a defendant's right to have the jury instructed on any lesser-included offense, which is rationally supported by the evidence, would also appear to implicate the common law right to a trial by jury which is guaranteed by the Delaware Constitution. *Claudio v. State*, Del.Supr., 585 A.2d 1278 (1991).

the District Court retained jurisdiction to convict the defendant of a lesser included offense, even though exclusive original jurisdiction over the lesser included offense was vested in a different tribunal. *Id.* at 214, 93 S.Ct. at 1999. *See also United States v. John,* 587 F.2d at 688.

Similarly, this Court holds that, notwithstanding the Family Court's exclusive *original* jurisdiction over misdemeanors involving a child victim, the Superior Court has *derivative* jurisdiction over those same misdemeanor offenses, when they are properly before it as a lesser included offense. In this case, the Superior Court determined that Slater's request for an instruction on the lesser included misdemeanor offenses was warranted by the evidence. Therefore, Slater was entitled to have those instructions given to the jury. 11 *Del.C.* § 206(c); Super.Ct.Crim.R. 31(c). *See also Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *Gates v. State,* Del. Supr., 424 A.2d 18 (1980). Consequently, the Superior Court had authority to exercise derivative jurisdiction over those misdemeanors for which Slater was convicted.

### *Conclusion*

The judgments of the Superior Court, resulting in Slater's convictions, are AFFIRMED.