IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLEVELAND A. BALDWIN, | § | |
| | § | No. 113, 2015 |
| Defendant Below-Appellant, | § | |
| | § | Court Below: |
| v. | § | Superior Court of the |
| | § | State of Delaware, in and for |
| STATE OF DELAWARE, | § | New Castle County |
| | § | |
| Plaintiff Below-Appellee. | § | Cr. I.D. No. 1308009488A |

Submitted: October 21, 2015
Decided: December 1, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 1st day of December 2015, upon consideration of the appellant's briefs, the State of Delaware's response, and the record below, it appears to the Court that:

(1)     The appellant, Cleveland A. Baldwin ("Baldwin"), filed this appeal from the Superior Court's October 28, 2014 denial of his Motion in Limine to Prohibit DRE[1] 609 Impeachment ("Motion in Limine") and October 30, 2014 denial of his Motion to Reconsider Court Ruling ("Motion to Reconsider").  These motions sought to preclude the State from introducing evidence of Baldwin's November 2011 conviction for Possession of a Firearm by a Person Prohibited ("PFBPP") at his 2014 trial on charges of Assault in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Conspiracy in the Second Degree, and Carrying a Concealed Deadly Weapon.

---

[1] "DRE" shall mean the Delaware Uniform Rules of Evidence [hereinafter, "D.R.E."].

Baldwin was also charged, by indictment, with Possession of a Deadly Weapon by a Person Prohibited.[2] The Superior Court granted Baldwin's motion for severance of the Possession of a Deadly Weapon by a Person Prohibited charge on October 29, 2014.[3]

(2) Prior to opening statements on October 28, 2014, the Superior Court denied Baldwin's Motion in Limine. Baldwin's jury trial began immediately thereafter. On October 30, 2014, the Superior Court revisited its ruling regarding the admissibility of Baldwin's 2011 PFBPP conviction. The Superior Court again found the conviction admissible. On the same day, Baldwin was convicted of all charges. On February 13, 2015, Baldwin was sentenced to a total of eight years at Level V, suspended after four years for decreasing levels of supervision. On appeal, Baldwin contends that the Superior Court improperly performed the balancing test required by D.R.E. 609(a). We disagree and AFFIRM.

(3) Baldwin's aunt, Emily Baldwin Black ("Black"), rented a room in her home to Orlando Goode, Jr. ("Goode").[4] Black and Goode had a dispute about whether Goode owed back rent.[5] Goode told Black that he planned on moving out.[6] Days later, on August 7, 2013, while outside Black's home, Goode was attacked and beaten by three individuals,[7] one of whom he recognized as Baldwin.[8] Baldwin complained that Goode

---

[2] A1.
[3] B8 (Tr. 4:4-5).
[4] B1 (Tr. 5:12-6:22).
[5] B2 (Tr. 13:10-14:10).
[6] B2 (Tr. 11:7-13).
[7] A20-23 (Tr. 16:18-20:15).
[8] A21 (Tr. 17:3-4). Goode identified Baldwin—whom he knew as "JR"—to the 911 dispatcher, two responding police officers, and a third officer who presented him with a photo lineup. B5 (Tr. 28:22-29:4); B10 (Tr. 81:18-21); B13 (Tr. 100:11-12); B14-16 (Tr. 106:19-111:21).

had disrespected his aunt, then pulled a pipe out of his pants and beat Goode with it while the other two men punched and kicked Goode.

(4)     At trial, Baldwin testified that he was at home with his daughter at the time of the attack.[9]  On both direct and cross examination, Baldwin testified that he had pled guilty to PFBPP in November 2011.[10]  The trial court gave a jury instruction limiting the use of the prior conviction evidence to weighing witness credibility.[11]  After a three-day trial, the jury found Baldwin guilty of each charge.

(5)     On appeal, Baldwin seeks reversal, arguing that the trial court failed to objectively evaluate the probative value versus prejudicial effect of his prior conviction for PFBPP.  The State responds that Baldwin's appeal is precluded by his failure to comply with Supreme Court Rule 14(b)(vii).  Alternatively, the State argues that the Superior Court did not abuse its discretion, and that any error below was harmless.

---

[9] A79 (Tr. 27:9-17).  Also, Black testified that she saw three men not matching Baldwin's description attack Goode from her window, but did not tell police, even though they knocked on her door.  A75 (Tr. 137:1-22).

[10] A77 (Tr. 20:19-22) (On direct examination, the following exchange occurred:  Q.  November 2011, did you plead guilty to a charge of possession of a firearm by a person prohibited?  A. Yes.); A80 (Tr. 29:7-15) (On cross examination, the following exchange occurred:  Q.  [Defense counsel] asked you that you were, if you were convicted in 2011 of possession of a firearm by a person prohibited, which is a Felony.  That was in this court, correct, meaning New Castle County Superior Court?  A.  Not sure it was Superior Court.  Q.  It was New Castle County?  A. Yes, sir.  I don't think it was New Castle County Superior Court.  That was my first charge ever.).

[11] B22 (Tr. 127:19-128:8) ("You may consider evidence that the defendant was previously convicted of a felony for the sole purpose of judging the defendant's credibility or believability. Evidence of a prior conviction does not necessarily destroy or damage the defendant's credibility, and it does not mean that the defendant has testified falsely.  It is simply one of the circumstances that you may consider in weighing the defendant's testimony.  You may not consider evidence of a defendant's prior conviction in deciding guilt or innocence.  You may only decide such evidence in judging the defendant's credibility.").

(6) Supreme Court Rule 14(b)(vii) requires appellants, at the end of their opening brief, to provide a copy of the order of judgment that is being appealed, including the trial court's written or transcribed rationale therefor.[12] Merely summarizing the trial court's reasoning in an opening brief is insufficient because "[t]his Court can only evaluate issues raised on appeal by reviewing the facts that actually appear in the record."[13] Because Baldwin's opening brief does not provide a record of the trial court's rulings with respect to his Motion in Limine and Motion to Reconsider, Baldwin has not complied with Supreme Court Rule 14(b)(vii).

(7) Failure to comply with this Court's rules "may result in *sua sponte* dismissal of the appeal or foreclose a party from argument on an issue that lacks record support."[14] Nevertheless, we decline to dismiss Baldwin's appeal on procedural grounds. The record evidence shows that, on October 30, 2014, the trial court issued a bench ruling denying Baldwin's Motion to Reconsider, stating:

> I am not convinced that the prejudicial [e]ffect outweighs the probative value. I believe the probative value of knowing he is not pristine, if you will, goes to his credibility in a case where credibility is a significant factor.

---

[12] Del. Supr. Ct. R. 14(b)(vii) ("*Trial Court's Judgment and Rationale.* The opening brief of the appellant shall include a copy of the order or orders of judgment being appealed and, if any, the separate written or transcribed rationale of the trial court. These items shall be inserted at the end of the opening brief, and not in the appendix.").

[13] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (holding that review of an appellant's claim was precluded on appeal because the appellant did not provide transcripts of the trial court's ruling, but rather summarized the proceedings below).

[14] *Delaware Elec. Co-op., Inc. v. Duphily*, 703 A.2d 1202, 1207 (Del. 1997) (internal citations omitted). *See also Slater v. State*, 606 A.2d 1334, 1336-37 (Del. 1992) (citing *Tricoche*, 525 A.2d at 154) (denying review of an issue on appeal where the appellant failed to provide a transcript of the Superior Court's ruling below).

4

So I think probative value outweighs prejudicial effect, or unfair prejudicial effect. I am not going to change my ruling.[15]

(8)     This Court reviews a trial court's admission of prior felony convictions as impeachment evidence for an abuse of discretion.[16] A trial court abuses its discretion when it "exceed[s] the bounds of reason in view of the circumstances or so ignored recognized rules of law or practice to produce injustice."[17] If the trial court has abused its discretion, this Court will "determine whether the error rises to the level of significant prejudice which would act to deny the defendant a fair trial."[18]

(9)     Under specified circumstances, D.R.E. 609(a) allows evidence of prior convictions to be used for impeachment purposes.[19] If the prior conviction involved a crime of dishonesty, it is admissible regardless of prejudice.[20] If not, the trial court may admit evidence of the prior conviction only if the offense is a felony and the "probative value of admitting this evidence outweighs its prejudicial effect . . . ."[21] Rule 609(a)'s probative value analysis applies here, as PFBPP is not a crime of dishonesty.[22]

---

[15] B21 (Tr. 10:9-16).
[16] *Morris v. State*, 795 A.2d 653, 665 (Del. 2002) (citing *Allen v. State*, 644 A.2d 982, 985 (Del. 1994)).
[17] *Harper v. State*, 970 A.2d 199, 201 (Del. 2009) (quoting *Culp v. State*, 766 A.2d 486, 489 (Del. 2001)) (internal quotations omitted).
[18] *Manna v. State*, 945 A.2d 1149, 1153 (Del. 2008) (citation omitted).
[19] *See* D.R.E. 609(a) ("For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted but only if the crime (1) constituted a felony under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect or (2) involved dishonesty or false statement, regardless of the punishment.").
[20] *See* D.R.E. 609(a)(2); *Morris*, 795 A.2d at 665 (noting that "Rule 609(a)(2) permits the admission of prior convictions of crimes involving dishonesty without applying the balancing test of Rule 609") (citations omitted).
[21] D.R.E. 609(a)(1); *see Morris*, 795 A.2d at 665.
[22] *See State v. Godwin*, 2007 WL 2122142, at *5 (Del. Super. July 24, 2007).

(10) The transcript of the Superior Court's ruling on Baldwin's Motion to Reconsider demonstrates that the Court engaged in the balancing test required by D.R.E. 609(a): "I believe the probative value of knowing he is not pristine, if you will, goes to his credibility in a case where credibility is a significant factor. So I think *probative value outweighs prejudicial effect*, or unfair prejudicial effect."[23] At trial, Goode testified as to his own criminal background.[24] Baldwin's prior conviction was, therefore, pertinent to the jury's effort in weighing the relative credibility of the witnesses. Baldwin has not demonstrated that the trial court's ruling "exceeded the bounds of reason in view of the circumstances or so ignored recognized rules of law or practice to produce injustice."[25] Accordingly, admitting the D.R.E. 609(a) evidence was not an abuse of discretion and, therefore, no error was committed that rose to the level of significant prejudice so as to deny Baldwin a fair trial.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

/s/ *Karen L. Valihura*
Justice

---

[23] B21 (Tr. 10:10-15) (emphasis added).
[24] B1 (Tr. 6:3-8).
[25] *Harper*, 970 A.2d at 201 (quoting *Culp*, 766 A.2d at 489) (internal quotations omitted).

6