JACK FOX,[1] Petitioner Below-Appellant,
v.
KATIE HUFFMAN, Respondent Below-Appellee.
No. 125, 2009
Supreme Court of Delaware
Submitted: August 14, 2009
Decided: September 8, 2009
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice
This 8th day of September 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Jack Fox ("Father"), filed an appeal from the Family Court's February 11, 2009 order denying his petition for visitation with the parties' minor child, Sara.[2] We find no merit to the appeal. Accordingly, we affirm.
(2) The record reflects that Father is an inmate incarcerated at the Sussex Correctional Institution in Georgetown, Delaware. He was convicted of five counts of Rape in the First Degree and one count of Endangering the Welfare of a Child. He currently is serving Level V sentences in connection with those convictions, with an expected release date of 2121, and is a registered sex offender.[3] The victim with regard to the rape conviction was Mother and the victim with regard to the endangering conviction was Sara. Father's sentencing order forbids any contact with Mother, but does not explicitly forbid contact with Sara.
(3) On April 17, 2008, Father filed a petition for visitation in the Family Court. In the petition, Father stated that visitation would allow him to maintain a father-daughter relationship with Sara and requested that he be allowed to correspond with Sara and have her visit with him at the prison every three months.[4] On May 22, 2008, Mother filed an answer to Father's visitation petition. In her answer, Mother stated that Sara did not wish to visit with Father at the prison and that the situation with Father upsets her. Attached to the answer is a note, purportedly written by Sara, explaining that visitation at the prison would be too upsetting for her.
(4) On October 30, 2008, the Clerk of the Family Court made a written recommendation that Father's petition be dismissed because he had failed to submit a Parent Education Certificate within 180 days of the filing of the petition.[5] A Family Court Commissioner signed the recommendation as an order on November 3, 2008. On January 15, 2009, Father filed a letter in the Family Court objecting to the dismissal of his visitation petition. Father stated that he never received notice that he needed to file a Parent Education Certificate. He also stated that he had a copy of a letter the Mental Health Director at the prison had written to the Family Court outlining the programs he had attended. He asked for his "fair day" in court to show the Family Court his certificates.
(5) On January 20, 2009, the Family Court, deeming Father's letter to be a motion to reopen, reinstated Father's visitation petition and scheduled a hearing on February 11, 2009, so that Father could demonstrate that he had completed courses in prison that would satisfy the Family Court's requirement of completion of a Parent Education Program. Although Father has not submitted a transcript of the February 11, 2009, hearing,[6] it appears that the hearing took place as scheduled and that Mother and Father both testified. It also appears that, while Sara was present at the courthouse, the Family Court did not require her to testify.
(6) In its order dated February 11, 2009, the Family Court outlined the basis for its denial of Father's petition as follows. Pursuant to Del. Code Ann. tit. 13, §728(d), the Family Court must consider the following factors prior to permitting visitation at a correctional facility: a) whether the incarcerated parent had a substantial and positive relationship with the child prior to incarceration; b) the nature of the offense for which the parent seeking visitation is incarcerated; c) whether the child was the victim of the offense; and d) whether the child seeks a relationship with the incarcerated parent. Pursuant to Del. Code Ann. tit. 13, §724A(c), where the parent is a sex offender and the child is a victim, a certified mental health professional must testify that visitation would be in the best interests of the child. The Family Court observed that, while Father apparently had a positive relationship with Sara prior to his incarceration, Mother testified that Sara did not wish to have visitation with Father. Ultimately, in the absence of expert testimony regarding whether visitation would be in Sara's best interests, the Family Court denied Father's visitation petition.
(7) In this appeal, Father claims that the Family Court improperly failed to provide the Mental Health Director of the prison an opportunity to testify on his behalf. Father argues that, because he was not provided proper notice of the hearing, he could not inform his "expert" of the date and time of the hearing. Father also claims that the Family Court improperly refused to allow him to question Sara at the hearing and improperly refused to admit the program attendance certificates he had earned while in prison into evidence.
(8) The record provided to this Court in an appeal must include a transcript of all evidence relevant to the challenged finding or conclusion.[7] In this case, Father, as the appellant, had the burden of providing this Court with a transcript of those portions of the Family Court proceedings, including the February 11, 2009 hearing, relevant to his appeal. A civil litigant does not have an absolute right to a copy of a transcript at State expense.[8] Even an appellant who is permitted to proceed in forma pauperis, such as Father, is required to make his own financial arrangements to obtain the necessary transcripts.[9] Given Father's failure to provide this Court with the relevant record for review, there is no adequate basis to evaluate his claims of error and appellate review is, therefore, precluded.[10]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court sua sponte assigned pseudonyms to the parties by Order dated March 11, 2009. Supr. Ct. R. 7(d).
[2] On July 9, 2009, the parties were notified by the Court that, because the respondent-appellee, Katie Huffman ("Mother"), had failed to file an answering brief, the appeal would be decided on the basis of Father's opening brief and appendix as well as the Family Court record.
[3] Del. Code Ann. tit. 11, §4120 et seq.
[4] Father also requested permission to proceed on his visitation petition in forma pauperis. The Family Court granted Father's request on April 23, 2008.
[5] Del. Code Ann. tit. 13, §1507(h); Fam. Ct. Civ. Proc. R. 16.2.
[6] In his notice of appeal, Father states that a transcript of the hearing is not required for this Court to consider the issues he raises on appeal. We have concluded that assertion is incorrect.
[7] Tricoche v. State, 525 A.2d 151, 154 (Del. 1987); Supr. Ct. R. 9(e)(ii) and 14(e).
[8] Lynch v. McCarron, Del. Supr., No. 352, 1996, Hartnett, J. (Jan. 13, 1997).
[9] Id.
[10] Slater v. State, 606 A.2d 1334, 1336-37 (Del. 1992).