IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EVAN W. SCOTT,[1] | § | |
| | § | No. 78, 2015 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | State of Delaware in and for |
| v. | § | Kent County |
| | § | |
| JESSICA R. KRAFT, | § | File No. CK12-01741 |
| | § | Pet. No. 14-08317 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: July 24, 2015
Decided: September 15, 2015

Before **STRINE,** Chief Justice; **VALIHURA** and **SEITZ**, Justices.

### O R D E R

This 15th day of September 2015, upon consideration of the parties' briefs and the Family Court record, it appears to the Court that:

(1)    The parties, Evan W. Scott (hereinafter "Father") and Jessica R. Kraft (hereinafter "Mother"), are the parents of a child born in February, 2012 (the "Child"). Father has appealed the Family Court's order dated January 29, 2015, denying his petition for parental visitation in while Father is incarcerated at James T. Vaughn Correctional Center.

---

[1] By Order dated March 2, 2015, the Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

(2)     Father is incarcerated at the James T. Vaughn Correctional Center, serving a sentence for a February 2014 drug conviction. In April, 2014, Father filed a petition for parental visitation. After a hearing on September 12, 2014, a Family Court Commissioner granted Father temporary visitation on a monthly basis and referred the matter for judicial scheduling.

(3)     The record reflects that the parties appeared *pro se* and were the only witnesses at a hearing on January 29, 2015. In its January 29 order, the Family Court summarized the parties' testimony as follows:

> [Father] wants to continue the monthly visits at the prison. He has been incarcerated since the [Child] was six months old. He had resided with the [Child] before he was incarcerated. He had been in a dating relationship with Mother and they had lived together in motels. After he went to prison there were no visits and sporadic phone calls and letters. [The Child] is now 2 ½ years old. [Mother] has brought [the Child] to the prison three times. The process is that she has to appear 30 minutes before the scheduled visit and sit with [the Child] in a waiting room. Once the visit begins, there is a wall approximately 4 feet high that separates [Father] from [Mother] and [the Child]. They only can touch at the beginning of a visit and at the end of a visit. [The Child] is expected to sit in a chair during the visit and talk with her Father. There can be no other interaction between Father and [the Child].
>
> The Court heard testimony from [Mother] that the visit is extremely chaotic. [The Child] cannot see

2

her Father over the wall. She is too young to sit and talk with him. She doesn't want to sit in the chair and all she does is run around. [Mother] is not allowed to bring games or toys to occupy [the Child] and so the visit ends up being chaotic. [Mother] objects to the visit because she does not believe it is appropriate for a child of this age to visit in the prison setting.

(4) In its January 29, 2015 order, the Family Court ruled as follows:

After hearing the testimony and for the reasons announced on the record, and after consideration of 13 *Del. C.* § 728(d), the Court cannot find that it is in [the Child's] best interest to have visits in a prison setting. [The Child] has no memories of [Father] as he was incarcerated when she was six months old. He is incarcerated on drug related charges. The conditions under which the visits will occur do not enhance the relationship between [the Child] and Father.

The Family Court ordered that Father can contact the Child by telephone on Sundays between 2:00 p.m. and 4:00 p.m., and that "once [Father] is moved to the Morris Correctional Institute he can have visits once a month as long as they can occur in a setting that is appropriate for [the Child]."

(5) In his first claim on appeal, Father contends that the Family Court should have granted his request for a transcript at State expense of the hearings held on September 12, 2014 and January 29, 2015. His claim is without merit. A civil litigant does not have an absolute right to a copy of a

3

transcript at State expense.[2]  Even an appellant who is permitted to proceed

*in forma pauperis*, such as Father, is required to make his own financial

arrangements to obtain the necessary transcripts.[3]

(6)     In his second claim on appeal, Father contends that the Family

Court's denial of his petition for parental visitation was an abuse of

discretion because it was inconsistent with the Commissioner's order that

granted his motion for temporary visitation.  His claim is unavailing.  The

Commissioner's order granting Father's motion for temporary visitation was

an "interim visitation order" entered under Family Court Civil Procedure

Rule 65.2(d).[4]  The order was in effect only until the Family Court had a full

hearing on the merits.

(7)     Under 13 *Del. C.* § 728(a), the Family Court determines a

visitation schedule "consistent with the child's best interests and maturity."[5]

Under Section 728(d), before entering an order for visitation in a

correctional facility, the court must consider:

> (1)     [Whether the] parent seeking visitation in a
> correctional facility had a substantial and positive
> relationship with the child prior to incarceration;
> (2)     The nature of the offense for which the
> parent seeking visitation is incarcerated;

---

[2] *Fox v. Huffman*, 2009 WL 2859168, at *2 (Del. Sept. 8. 2009).
[3] *Id.*
[4] Del. Fam. Ct. Civ. R. 65.2(d) (governing interim visitation order).
[5] 13 *Del. C.* § 728(a) (2015).

(3) Whether the victim of the offense is the child, a sibling of the child, stepsibling, half sibling, parent, stepparent, grandparent, guardian or custodian of the child; and

(4) Whether the child seeks a relationship with the incarcerated parent.[6]

(8) In this case, Father has not demonstrated that the Family Court abused its discretion when it denied his petition for parental visitation while Father is incarcerated at the James T. Vaughn Correctional Center. From the face of the January 29, 2015 order, it appears that the Family Court considered the factors under 13 *Del. C.* § 728(d) and made factual findings based on the parties' testimony. It further appears that the court's findings of fact, inferences, and deductions are the product of an orderly and logical deductive process.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[6] 13 *Del. C.* § 728(d).

[7] *Mundy v. Devon*, 906 A.2d 750, 752-53 (Del. 2006) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).