IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HENRY HUNTER, | § | |
| | § | No. 45, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN14-03180 |
| RACHELLE GAMBLE, | § | Petition No. 17-22072 |
| | § | |
| Petitioner Below, Appellee. | § | |
| | § | |

Submitted: November 2, 2018
Decided: December 10, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

After consideration of the appellant's brief and the record in this case, it appears to the Court that:

(1) The parties, Henry Hunter ("Father") and Rachelle Gamble ("Mother"), are the parents of a child born in January 2012 (the "Child"). Father, who is incarcerated, appeals from the Family Court's order dated December 15, 2017 that denied Father face-to-face visitation with the Child, awarded Father weekly telephone contact with the Child, and ordered Mother to provide to Father two current photographs of the Child each month.

(2) Father filed his opening brief on May 25, 2018. Mother has not responded, and letters that this Court has attempted to send her since September 13, 2018 have been returned as undeliverable. The Court therefore has considered the matter on the basis of the record and Father's opening brief. We find no merit to the appeal. Accordingly, we affirm.

(3) The record reflects that Father is incarcerated in Pennsylvania; it appears that he has been incarcerated since August 29, 2012. Father filed a "Petition for Visitation, Partial Custody, and Preservation of All Parental Rights." The matter was mediated in October 2017, at which time Father sought face-to-face visitation with the Child, to receive photos of the Child every week, and to receive information about the child's daycare, education, and medical care. The Family Court held a hearing on December 6, 2017, at which both Father and Mother appeared *pro se*. On December 15, 2017, the Family Court issued the order from which Father appeals.[1]

(4) Father has not submitted a transcript of the December 6, 2017 hearing, but in its December 15, 2017 order, the Family Court outlined the basis for its ruling, as follows: In addition to other relevant factors, Title 13, Section 728 of the Delaware Code identifies four factors the Family Court must consider before entering an order

---

[1] The papers Father filed on appeal also refer to an amended order of the Family Court, issued on January 24, 2018 in response to a request by Father, in which the Family Court clarified the mechanism by which Father could attempt to reach the Child by telephone. The Court has reviewed that order and it does not change the result here.

for visitation at a correctional facility, including whether the parent seeking visitation had a substantial and positive relationship with the child before incarceration; the nature of the offense for which the parent seeking visitation is incarcerated; whether the victim of the offense is the child or a parent or other family member of the child; and whether the child seeks a relationship with the parent. The Family Court found that Father has been incarcerated since the Child was an infant and has had only a single visit with the Child since Father's incarceration. The Court also found that Father has engaged in multiple instances of felony level drug conduct since the Child's birth. Based on those findings, the Family Court denied Father's request for face-to-face visitation.

(5)     On appeal, Father contends that various factual findings of the Family Court were erroneous and do not support its determination to deny Father face-to-face visitation with the Child. We find no basis in the record to reverse the Family Court's decision.

(6)     Father has not provided a transcript of the proceedings before the Family Court. The record provided to this Court in an appeal must include a transcript of all evidence relevant to the challenged finding or conclusion.[2] Father, as the appellant, had the burden of providing this Court with the necessary transcript

---

[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987). *See also* SUPR. CT. R. 9(e)(ii), 14(e).

3

of the December 6, 2017 hearing in Family Court. Father filed an application to proceed *in forma pauperis* and to receive a transcript at state expense, but the Family Court denied Father's request with respect to the transcript. A civil litigant does not have an absolute right to a copy of a transcript at State expense.[3] Even an appellant who is permitted to proceed *in forma pauperis*, such as Father, is required to make his own financial arrangements to obtain the necessary transcripts.[4]

(7)	Given Father's failure to provide this Court with the transcript, there is no basis on which to accept his claims of error. It is not disputed that Father has been incarcerated since the Child was an infant, and that Father has seen the Child only once during that time. The Family Court considered the statutory factors that were applicable to Father's petition for visitation in a correctional facility. We do not find on the record before the Court that the Family Court erred.

(8)	Father also contends that Mother has not complied with the Family Court's order and that Mother is intentionally interfering with Father's ability to build a relationship with the Child. For example, he states that Mother refuses to accept Father's calls when he attempts to contact the Child as provided in the Family Court's order, and he states that Mother has not sent him photographs of the Child

---

[3] *Fox v. Huffman*, 2009 WL 2859168 (Del. Sept. 8, 2009).

[4] *Id.*

4

as required by the order. These issues should be presented to the Family Court in the first instance.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.


BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] The Court notes that it appears from the Family Court record that Father has petitioned the Family Court to consider Mother's alleged noncompliance, and that the Family Court stayed that petition pending resolution of this appeal.